J. H. McMath et al. *v.* M. Levy & Sons.

1. Fixtures. *Landlord and tenant. Cotton gin.*

   If a tenant buys and puts a cotton gin, condenser, and feeder upon the leased premises, with the intention of removing them, they do not become fixtures so as to belong to the landlord as against the vendee of the tenant who purchases during the lease. *Tate* v. *Blackburne*, 48 Miss., 1, and *Jennings* v. *Wilson*, 71 Miss., 42, distinguished.

2. Same. *General doctrine. Exceptions.*

   To the general doctrine in relation to fixtures made by one upon the premises of another, there are generous exceptions in favor of trade, manufactures, and tenants.

From the circuit court of Leflore county.

Hon. F. A. Montgomery, Judge.

M. Levy & Sons brought replevin against McMath to recover the property in controversy. The evidence is sufficiently stated in the opinion of the court. The court below gave a peremptory instruction for plaintiff; a verdict and judgment having been rendered in accordance therewith, defendant appealed.

*Coleman & Somerville*, for appellant.

The gin stand, condenser, and feeder were fixtures, not removable by the tenant, and no unexpressed intention of the

tenant could make them anything else.　*Tate* v. *Blackburne*, 48 Miss., 1.　Being fixtures passing with the land, the unrecorded bill of sale from the tenant to appellees could not operate against the lessor.　*Jennings* v. *Wilson*, 71 Miss., 42.

*Rush & Gardner*, for appellees.

The case of *Tate* v. *Blackburne*, 48 Miss., 1, announces the well-defined rule on the subject of fixtures, and draws the distinction between the rights of vendors and tenants in the removal of property.　That case held a gin stand to be a fixture against the rights of the vendor to remove it, but it recognizes the rule that a tenant enjoys the greatest liberality in the removal of his property where a vendor would be denied.　*Cole* v. *Roach*, 37 Tex., 413, and 44 Tex., 500; *Perkins* v. *Swank*, 43 Miss., 349; Am. & Eng. Enc. L., vol. 8, pp. 48–58.

The case of *Wilson* v. *Jennings*, 71 Miss., 42, has no application to the case at bar.　We think the rulings of the court below were clearly correct.

WOODS, C. J., delivered the opinion of the court.

The simple question presented by this appeal is, may a purchaser from a tenant who bought and put upon leased premises —a plantation—a gin, condenser, etc., with the intention of removing them at pleasure, remove and hold them against the landlord ?　The question is easily answered.　Against the general doctrine of fixtures made by one upon the premises of another, there have always been generous exceptions in favor of trade, manufactures, and, as in the case before us, tenants. The placing of gins, condensers, etc., on plantations cultivated largely in our staple product, cotton, are essential to the preparation and manufacture of the article for market, and the rights of tenants, as against their landlords, are not to be doubted.

The tenant not only put the machinery in question upon the leased premises during his term, but he did so with the inten-

tion to remove them, and his action was not only known to the landlord, but was necessitated by the refusal of the landlord to furnish for his tenants' use the indispensable gin and its accompaniments. The removal of the gin, etc., was sought to be made by the purchaser during the period of the lease, and before the tenant can fairly be said to have surrendered the premises. The cases cited by counsel for appellant are not analogous. *Tate* v. *Blackburne*, 48 Miss., was one in which the vendor of a plantation sought to retain a gin on the premises against the claim of the purchaser. This court very properly held that the title to the gin passed with the sale of the plantation. In *Jennings* v. *Wilson*, 71 Miss., it was held that the owner of personal property, who had sold the same to another, and secretly reserved the title as security for payment of the purchase money, could not maintain his title against a judgment creditor of the purchaser, where the latter had held the property more than three years. Thus it will be seen that neither case touches the question here involved. Our examination has unearthed no authority, in this country, opposed to the soundness of this view, which was taken by the learned court below.

*Affirmed.*

*A. H. Jayne*, for appellants, after the delivery of the foregoing opinion, filed an elaborate suggestion of error, insisting that the testimony of one of plaintiff's witnesses, Ullendorff, was incompetent, and should have been excluded by the court below, and that, without the testimony of that witness, the evidence was insufficient to maintain plaintiff's case.

Woods, C. J., delivered the following response to the suggestion of error:

Conceding that the evidence of Ullendorff, on the trial below, should have been excluded, as vigorously contended by the learned counsel, still, on the evidence of McMath himself, no

other judgment could have been rendered than that which was actually rendered, and we are constrained to decline to disturb it on this ground.

If the vendees of the tenant had the right to remove the gin, condenser, and feeder, as held by us in our original opinion, the wrongful act of the tenant in carrying off a gin belonging to his landlord, or in negligently permitting it to be lost or destroyed, did not affect that right. The tenant only thereby laid himself liable to his landlord for such wrongful act, or for his negligence, whereby the gin of the landlord was lost or destroyed.

We adhere to the former opinion.