GEORGE K. PRATT *v.* BELLA P. HARGREAVES ET AL.

1. WILLS. *Nuncupative will. Made by public act in Louisiana. Probate in Mississippi.*

On the trial of an issue of *devisavit vel non*, it is error to require the proponent to elect whether he will produce the original or an authenticated copy of the notarial act evidencing a nuncupative will made in Louisiana, under the peculiar laws of that state, and, on his offering the copy, to exclude the same from probate, because, by the determination of a question of fact submitted to the court, it was then ascertained that the testatrix, at the time of her death, was a citizen and resident of Mississippi, and the will, therefore, held not to be provable by copy.

2. SAME. *Question of fact. Chancery practice. Bill of exceptions.*

A finding of fact on the trial of an issue of *devisavit vel non*, that the testatrix, at the time of her decease, was a citizen and resident of this state, will not be disturbed on appeal, in the absence of a bill of exceptions embodying the evidence.

FROM the chancery court of Harrison county.
HON. T. A. WOOD, Chancellor.

This was a proceeding in the chancery court to probate the nuncupative will of Mrs. Louisa J. Bidwell, made in the city of New Orleans, Louisiana, in 1890, before a notary public, under the peculiar law of that state. Mrs. Bidwell died at Pass Christian, Miss., on May 16, 1897; and on May 21, 1897, Dr. Geo. K. Pratt, who was named as executor in the will, presented the same for probate in said court, upon an authenticated copy of the notarial act. On the same day, the appellees filed their caveat, setting up certain objections to its probate. On May 22, 1897, additional objections were filed by appellees, the chief ground of objection being that, at the time of her death, Mrs. Bidwell resided in Mississippi, and that the will could not, therefore, be probated by copy. The appellant, Dr. Pratt, afterwards filed his amended petition, in which he averred that Mrs. Bidwell was, at the time of her death, a resident of Louisiana, and, to obviate the objections to probate, tendered with the same the original public act by which said will was made, and asked leave to probate the same should the court hold that Mrs. Bidwell was, at her decease, a resident of Mississippi.

The appellees answered, denying the averments of the petition in respect to Mrs. Bidwell's place of residence at the time of her death, and averring undue influence on the part of the proponent. The cause was then continued, and, at the next term of court, a written agreement was filed, wherein it was provided that the following issues should be tried: (1) Whether Mrs. Bidwell, at the time of her death, had a fixed place of residence in Harrison county, Mississippi; (2) whether the paper filed with the petition, purporting to be an authenticated copy of the will of Mrs. Bidwell, was, in fact, such a copy; (3) undue influence.

On February 12, 1898, after the cause had been set for hearing on these agreed issues, contestant moved the court to require proponent to elect whether he propounds the authenticated copy or the original will, which motion the court sustained,

and proponent elected to propound the authenticated copy. Proponent did not except to this action of the court. Thereupon, the parties submitted to the court, on the evidence, the question of domicile, and the court having found the domicile to be in Harrison county, Mississippi, the jury was discharged, and the other issues not tried, and decree rendered rejecting the authenticated copy from probate. To this finding and decree there was no exception by proponent, and there was no bill of exceptions taken embodying the evidence in the cause. From this decree proponent appealed.

*George S. Dodds*, for the appellant.

Until the question of fact as to residence was first determined, the chancellor should not have forced the proponent of the will to elect whether he would stand upon the authenticated copy or the original, because if it should have been found that Mrs. Bidwell, at the date of death, was a resident of Louisiana, then her will, under the law of Mississippi, was entitled to probate in either form. Code 1892, § 1831. As it was tendered both ways, the chancellor having sustained the motion to require appellant to elect, and then following this with his finding of fact as to residence, appellant was absolutely deprived of the right to probate the original will, which is entitled to probate on proper evidence, regardless of residence of the testator. The court will observe that the question as to character and sufficiency of the proof necessary to probate the original, could not and did not arise, because of the chancellor's erroneous ruling on the motion. As a matter of fact, the appellant had the notary public present in court, and could have made all the necessary proof by him for probate of the original will. The solemn declaration, made by Mrs. Bidwell in her will itself, to the effect that, at that time, she was a citizen of Louisiana, ought to be conclusive upon that point. If she was then a citizen of Louisiana, although she may afterwards have become

a resident of Mississippi, her will made in 1890 was a foreign will, and should have been so treated on the offer to probate.

Section 1829, code 1892, provides that "authenticated copies of wills, proven according to the laws of any of the states of the union, and affecting or disposing of property within the state, may be admitted to probate in the proper court."

Under the laws of Louisiana, "nuncupative will by public act is a solemn act, is a public record, and proves itself." "They are full proof of themselves unless they are alleged to be forged." See art. 1647, Civil Code La., Voorhis (ed. 1875). The law of Louisiana clothes a will, so made, with so much sanctity that it cannot be attacked for undue influence. See art. 1492, Civil Code La., and 46 La. Ann. Rep., 608.

The certified transcript of the record from the civil district court of Louisiana shows that the will of Mrs. Bidwell was duly proved according to the laws of Louisiana, and is being administered in that state as the will of a citizen and resident of that state. It should be so treated and admitted to probate in Mississippi. Whatever view the court may take of this phase of the case, I insist that the policy of the law of the state is to uphold and enforce the wishes of persons in the disposition of their property as expressed in their wills; that the original of Mrs. Bidwell's will was entitled to probate regardless of her residence at the date of her death. This cause should be remanded that the appellant may, upon proper proof, probate and execute the will, in one or the other form, as tendered by his amended petition. The question before the court arises on the record, and no bill of exceptions is necessary. Code 1892, § 555.

*Calhoon & Green*, for the appellees.

1. Before the vesting of the probate jurisdiction in the chancery court, issues of *devisavit vel non* were sent to the circuit court for trial, but now, under the statute, these issues are triable in the chancery court before a jury. Code 1892, § 1813 *et seq.*, provides for the probate of wills, contests, etc., and,

being a special statutory proceeding *in rem* in the chancery court, the proceeding falls under these special statutes, and not the general statutes regulating proceedings in chancery. The evidence may be oral or by depositions (§§ 1825 and 1819); hence, the trial, being essentially a trial at law, must be conducted in the same method, and bills of exceptions taken to the rulings of the court. It is settled that this court cannot notice any action of the court below unless excepted to. It is unnecessary to cite the many cases in our reports to this effect. Hence, as there is no bill of exceptions to any ruling of the court, the judgment must be affirmed. The chancellor, by consent, may try the issue in lieu of a jury (*Kelly* v. *Miller*, 39 Miss., 17), but, if so, there must be exception taken to the judgment. Says the court, in *Bloom* v. *Helm*, 53 Miss., 33, "that purpose must be manifested by an exception."

2. If we turn to the merits, there was no error in this record. The petition propounds the authenticated copy for probate, and as to the original will, it avers that the witnesses reside out of the state, and cannot be produced. The proceeding was manifestly to probate a foreign will by authenticated copy, under § 1829, code 1892. It is settled in this state that the will of one domiciled in Mississippi cannot, under our statute, be proved by a certified copy of the record of probate in a foreign forum. *Wells* v. *Wells*, 35 Miss., 638; *Morris* v. *Morris*, 27 Miss., 847; *Riley* v. *Moseley*, 44 Miss., 45; *Bate* v. *Incisa*, 59 Miss., 513. This is particularly true of the probate of a nuncupative will by public act in the courts of Louisiana. Such a will proves itself, and is probated upon a certified copy of the notarial act being presented to the district court, and without proof. If the will of a citizen of Mississippi, made in Louisiana, would be proven by the record of probate of the will in Louisiana, by indirection §§ 1813 and 1816, code 1892, would be nugatory.

There was no error in the court's sustaining the motion to compel election as to which form of will was propounded. The

parties, by agreement, stipulated the issues to be.tried: (1) Whether Mrs. Bidwell, at the time of her death, had a fixed place of residence in Mississippi; (2) whether the authenticated copy was a copy; (3) undue influence. Thus the issues were agreed ones. It did not make any difference, under these issues, which will was propounded, though it is manifest from the frame of the issues that, in truth, the authenticated copy was the one propounded. For, if the original will was being propounded, why should the petition aver that the witnesses to prove it could not be produced, and why, in the absence of their depositions, under § 1819, code 1892, should the trial be proceeded with? If the original was being propounded, there was no necessity for any such issue as that of domicile, for the contestant's answer admitted that the domicile was in Mississippi, and the only proof necessary was the execution of the will and as to undue influence. So, we insist that the agreed issues, of necessity, placed the trial upon the copy, and that there could have been no error in the court requiring the proponent to elect, for if, under an erroneous view of the law, these issues had been ageed on as embracing the original will, when, in fact, they did not, it would have been the duty of the court to have made the issues conform to the allegations of the pleadings (*Hairston* v. *Hairston*, 30 Miss., 276; *Payne* v. *Banks*, 32 *Id.*, 292), and to have amendments made to present the true issues. Hence, we insist, there could be no error in the action of the court on this motion, and certainly none that can be complained of here.

3. If the agreed issue was immaterial, still, if proven, judgment must follow accordingly. *Robertshaw* v. *Britton*, 74 Miss., 873; *Henry* v. *Hoover*, 6 Smed. & M., 417. Says the court in this last case, page 419: "The defendant below cannot complain, because it was his plea; the plaintiff cannot complain, because he took issue." But the issue was not immaterial, it was of the essence of the pleading and of the statute. Wherefore, the decree should be affirmed.

*T. V. Noland,* on the same side.

This case is presented by appellant in a record which contains no bill of exceptions taken during the trial. There was a trial by jury. By agreement of counsel, as shown by the final decree, the question of domicile of the alleged testatrix was submitted to the court; and the court found, as shown by the decree, that the domicile of the alleged testatrix, both at the time of making the alleged will, in June, 1890, and at the time of her death, in May, 1897, was in Mississippi. No exception to this finding was taken by appellant, nor did he move for a new trial. In such case, the supreme court will not examine the correctness of this finding. *McNairy* v. *Gathings,* 57 Miss., 215. But it was urged in the court below that the matter of the domicile of the testatrix, as it existed at the time of making the will, was not embraced in the agreement of counsel made in open court, touching the question of domicile. The chancellor held to the contract, as the decree shows. And the very status of the case before the court below, as presented by the appellant—viz., offering to probate a will by authenticated copy, which must fail, unless it be shown that the testatrix, at the time of making the alleged will, was domiciled in Louisiana—is directly opposed to counsel's contention. Section 1829, code 1892; 27 Miss., 157; 59 Miss., 513.

It is urged, also, that the court erred in requiring appellant to elect. It is sufficient to say, on this point, that appellant reserved no exception to the ruling of the court. But the court did not err therein. The petition of appellant presented two issues, one an offer to probate an authenticated copy, and, also, to probate the original will. The proof differs in such cases.

Argued orally by *Marcellus Green,* for appellee.

WHITFIELD, J., delivered the opinion of the court.

The only issue proper in the court below was *devisavit vel*

*non.* Whether the will was obtained by undue influence was mere matter of evidence under that issue; whether the proponent offered the original or a duly authenticated copy, was mode of probate, not an issue. We prefer to brush aside the irregularities of the procedure below, and say only what is necessary as a guide on a new trial. Since the parties submitted to the court, by agreement, the question of fact whether the testatrix was a resident and citizen of Louisiana or Mississippi, and the court decided she was a resident and citizen of Mississippi, on testimony, none of which is brought before us by any bill of exceptions, that finding is affirmed.

The action of the court in compelling proponent to elect whether he would offer the original or an authenticated copy, and in discharging the jury, and not proceeding with the trial of the only proper issue, is reversed, and cause remanded for a new trial of that issue.