MAURICE WINNER ET AL. *v.* EDWARD C. WILLIAMS.

82 669
85 169

82 669
d94 586

1. APPEAL. *Justice's Court. Dismissal in Circuit Court. Findings of fact. Supreme Court.*

   The supreme court will not disturb the findings of a circuit judge on disputed questions of fact on the hearing of a motion to dismiss an appeal from a justice's court.

2. SAME. *Appeal bond. Approval of Justice. Time.*

   The fact that a justice of the peace fails to indorse his approval on an appeal bond within five days after the rendition of judgment will not affect the validity of the appeal if his approval subsequently indorsed thereon show that the bond was filed within the five days.

3. SAME. *Tender of bond.*

   When an appeal bond has been tendered to a justice of the peace, the names of the sureties read to him, their sufficiency unquestioned and his approval of the bond stated by him, such facts constitute a legal filing, which he cannot afterwards invalidate.

4. FIXTURES. *Tenant. Agreement with landlord.*

   Where the tenant of demised premises subject to a trust deed has replaced an old boiler with a new one in order to enable him to conduct the business for which the property was leased and

by agreement with his landlord he was to have the right to remove the same at pleasure, the old boiler still remaining on the premises unused, his title to the new boiler is not affected by a sale of the premises under the trust deed and the conveyance of the same to a purchaser by a description which does not include the new boiler, although such boiler was connected with the boiler house by steam pipes and other necessary attachments.

FROM the circuit court of Lauderdale county.

HON. GUION Q. HALL, Judge.

This was an action of replevin for a boiler and originated in the court of a justice of the peace, the appellee, Williams, being plaintiff, and the appellants, Winner and others, doing business under the name of "Winner & Meyer," defendants. From a judgment in favor of defendants plaintiff appealed to the circuit court, where the defendants moved to dismiss the appeal because the appeal bond was not filed within five days after the judgment was rendered by the justice of the peace. On the trial of this motion the plaintiff, Williams, testified that he gave the appeal bond to the constable of the court on the third day after the judgment was rendered, who promised to deliver it to the justice of the peace. The constable testified that he went into the justice of the peace's office, and offered the bond to him, and read the names of the bondsmen to him, and he (the justice of the peace) said: "That is all right, but I am busy now. Hand it to me when I get through;" that he did not hand the bond to the justice of the peace, but that officer said it was all right; that he kept the bond several days, and gave it to the justice of the peace, who then marked it filed as of the day he offered it to him. The justice of the peace testified that the constable did come into his office and told him he had the appeal bond in the case, and the witness told him to deliver it some other time, as he was busy then; this was within the five days allowed to make the appeal; but nothing was said as to who the sureties were, and he did not know who they were until

the bond was handed to him a good many days after the five days had expired.  The court overruled the motion to dismiss the appeal.  The facts, as presented on the trial of the merits of the case, are fully stated in the opinion of the court.

*Etheridge & McBeath,* for apppellants.

1. The appeal was invalid under the facts shown.  1 Enc. Pl. & Pr., 977, 989.  *Kramer v. Holster,* 55 Miss., 243; 8 Enc. Pl. & Pr., 924; *Hamilton v. Beardsley,* 51 Ill., 478.

2. The boiler was a fixture, had become a part of the realty, and clearly passed to the purchaser at the sale under the trust deed.  13 Am. & Eng. Enc. L. (2d ed.), 613, 628, 633; *Simpson Brick Press Co. v. Warnerly,* 61 Ill. App., 460; *Winslow v. Merchants Ins. Co.,* 38 Am. Dec., 368; *Green v. Phillips,* 26 Gratt. (Va.), 752; *Taylor v. Collins,* 51 Wis., 123; *Watris v. Nat. Bank Cambridge,* 124 Mass., 575; *McConnell v. Blood,* 123 Mass., 47; *Tate v. Blackburne,* 48 Miss., 9; *Range Co. v. Allen,* 7 South. Rep., 499; *Phoenix Iron Works v. N. Y. Security Co.,* 83 Fed. Rep., 757.

3. The plaintiff had only a half interest in the boiler, and replevin does not lie as between joint owners.  *Holton v. Beirne,* 40 Miss., 391.

*R. F. Cochran,* for appellee.

1. There was no failure to tender a sufficient appeal bond, and there was in legal contemplation a filing and approval by the justice within the statutory period.  His omission to properly indorse the bond until a subsequent day is immaterial. *Robinson v. Mhoon,* 68 Miss., 712, 1 Enc. Pl. & Pr., 990.

2. The boiler did not become a part of the realty in view of the circumstances under which it was placed on the demised premises by the tenant.  *Weathersby v. Sleeper,* 42 Miss., 732; *Polle v. Rouse,* 73 Ill., 713.

TRULY, J., delivered the opinion of the court.

The finding of the circuit judge on the disputed question of fact on the hearing of the motion to dismiss the appeal from the justice of the peace court will not be disturbed. The approval of the justice of the peace indorsed on the appeal bond showed that it had been filed in due time. The fact that he did not write his approval on the paper until after the expiration of the five days allotted by law does not alter the legal status. If, as the circuit judge decided, the bond was tendered the justice of the peace in due time, the names of its sureties read to him, their sufficiency unquestioned, and his approval of the bond stated, this was a legal filing, which he could not afterwards invalidate. It was the duty of the circuit court to see that when the law has been substantially complied with the rights of litigants are not prejudiced by technical errors of the inferior court, whether accidentally or intentionally committed. *Robinson* v. *Mhoon,* 68 Miss., 712, 9 South., 887; *Swain* v. *Gilder,* 61 Miss., 667.

Upon the merits but one question worthy of consideration is presented by the record: Can the vendee of the tenant, under the facts here, recover the boiler in question from the purchaser at trustee sale of the landlord's title? In our opinion, a statement of the facts is an answer to the inquiry. Appellants claim title under foreclosure of a trust deed executed in 1897. After the execution of the trust deed the boiler conveyed thereby, described as an "Erie Pennsylvania" boiler, became worn out and worthless. The landlord refused to purchase a new boiler, which was necessary to the prosecution of the business conducted on the leased premises, whereupon the tenant procured the boiler now in question, described as a "Cleveland and Hardwick Fire Box Boiler," and attached it to the machinery used in the slaughter house, disconnecting the old boiler, but leaving it on the premises. This placing of the boiler was with full knowledge of the landlord, and under a distinct and undenied

agreement that the tenant could move it at pleasure. Appellants foreclosed their trust deed while the boiler was on the premises, purchased at the sale, and procured a deed from the trustee conveying the property described in the trust deed, which description does not include the boiler in question. Consequently appellants acquired no title by virtue of said sale. Appellee bought from the tenant, demanded possession of appellants, and, this being refused, instituted this suit.

Appellants contend that, as the boiler was annexed to the other machinery composing the plant in the slaughter house, and was by steam pipes and other necessary attachments connected to the boiler house, it, by operation of law, became a fixture and part of the realty, and as such passed with the land. The doctrine contended for has no application. We recognize and adhere to the general doctrine of fixtures, which is well established and understood, but we also adhere to the exception in favor of tenants and of trades and manufactures, which is as well established and defined. This case is controled by the case of *McNath* v. *Levy,* 74 Miss., 450, 21 South., 9, 523. The question of fact as to the identity of the boiler was fairly submitted to the jury, and the law was correctly announced in the instructions of the court.

*Affirmed.*