UNDERWOOD TYPEWRITER COMPANY v. WILLIAM A. TAYLOR.

[48 South. 15.]

JUSTICES OF THE PEACE. *Appeal bond. Time for approval. United States mail.*

Under Code 1906, § 83, providing that an appeal from the judgment of a justice of the peace to the circuit court must be prosecuted within five days after the rendition of the judgment, a failure to deliver an appeal bond to the justice of the peace within that time is not excused by the fact that a proper bond was mailed to the justice of the peace and should have reached him in due course of mail before the expiration of the five days, where it was not received until afterwards because of his absence from home.

FROM the circuit court of Montgomery county.
HON. JOSEPH T. DUNN, Judge.

The typewriter company, appellant, was plaintiff in the court below; Taylor, appellee, was defendant there. From a judgment in defendant's favor plaintiff appealed to the supreme court.

The plaintiff sued defendant in a justice's court, and on November 23, 1907, a judgment was rendered therein in defendant's favor. The plaintiff on November 27, prepared a bond for appeal to the circuit court and mailed it to the justice of the peace at Duck Hill, where he resided and held his courts, and the bond reached there on November 28 about noon. The justice of the peace was absent from the village the whole of that day, and did not receive the bond until November 29, and he filed it on that day.

In the circuit court, on motion of defendant, the plaintiff's appeal was dismissed because the bond was not given within five days from date of judgment, as required by Code 1906, § 83.

*M. B. Grace,* for appellant.

It is undisputed that the justice of the peace received the appeal bond immediately upon his return to his home and office, on November 29, and on that day he approved and filed the bond. It is true that the approval and filing of the bond accordingly were on a date subsequent to the five days' period allowed for appeal from the court of a justice of the peace to the circuit court. But it is also true that such delay was not the fault of the appellant, and appellant should not be visited with penalty of dismissal of suit for the delinquincies of the justice of the peace.

"A party ready and willing to comply with the requisites of an appeal cannot be deprived of his right of appeal by the wilful or accidental omission of a justice of the peace. The appeal bond should be filed *nunc pro tunc*." *Luderbach v. Boyd,* 1 Ashm. (Penn.) 380; *Redus v. Gamble,* 85 Miss. 165, 37 South. 1010; *Read v. Dickinson,* 2 Ashm. (Penn.) 224; *McIllheny v. Holland,* 111 Penn. 634, 5 Atl. 731.

Code 1906, § 83, providing that "either party may appeal to the circuit court of the county from the judgment of any justice of the peace, if appeal be demanded and bond given within five days after the rendition of the judgment," is not imperative in its language. The word "may" is used instead of the sterner word "shall."

No counsel appeared for the appellee.

FLETCHER, J., delivered the opinion of the court.

We are controlled in this case by *Murff v. Osburn* (Miss.), 24 South. 873. In that case the justice of the peace left home on the day after the rendition of judgment, and was continuously absent from home until the five days' had expired, during which time the losing party made repeated visits to the office of the justice with his appeal bond; and yet this court held that his appeal was properly dismissed. Here the bond was sent by mail four days after the adverse judgment was rendered, and, as in the *Osborn case,* the absence of the justice prevented its timely approval. This case is not like *Redus v. Gamble,* 85 Miss. 169, 37 South. 1010, where the justice acted arbitrarily in rejecting a solvent and sufficient bond filed in time, nor like *Winner v. Williams,* 82 Miss. 669, 35 South. 308, where the bond was actually filed within the five days, but not approved in writing.

We do not feel warranted in overruling *Murff v. Osburn,* and the case is therefore *affirmed.*