## J. M. Bowles v. Bravard-Woods Stave Co.

[65 South. 273.]

Justice of the Peace. *Appeal. Dismissal. Justice's failure to approve bond.*

Where an appeal bond from a judgment of a justice of the peace · was filed within the time required by law, and the justice stated that the bond was satisfactory, but failed to write his approval thereon and delivered the bond with the other papers in the case to the circuit clerk, it was reversible error to dismiss the appeal, because of the failure of the justice to write his approval on the bond.   .   .

Appeal from the circuit court of Chickasaw county. Hon. H. K. Mahon, Judge.

Suit by the Bowles against the Brevard-Wood Stave Company. From a judgment of the circuit court dismissing the appeal, J. M. Bowles appeals.

The facts are fully stated in the opinion of the court.

*J. E. Harrington,* for appellant.

The weight of the testimony shows that the bond was presented in time but it seems that the court sustained the motion on the ground that the testimony of the justice of the peace was conflicting. But it seems clear from the evidence, as a whole, that the bond was presented to the justice of the peace within five days. If the testimony shows anything, it shows this, at least, by the weight of the testimony; in fact, to my mind, it shows this conclusively. If the bond was presented to the justice of the peace and approved by him, even though it was never filed, or marked "approved," still the appeal was perfected, and the motion should have been overruled. *Winner* v. *Williams,* 82 Miss. 669, 35 So. 308; *Redus* v. *Gamble,* 85 Miss. 165, 37 So. 1010.

*R. H. Knox,* for appelleee.

The court below very properly sustained the motion of appellee's to dismiss appellant's appeal to the circuit court, because the same, as is shown by the record in this case, was not appealed until after the statutory time for such appeals had expired. The case therefore, in our judgment, should be affirmed.

REED, J., delievered the opinion of the court.

This case originated in the court of a justice of the peace. In the circuit court a motion to dismiss the appeal was sustained because the appeal bond was not filed and approved within five days after the rendition of the judgment. The appeal bond was delivered by the justice of the peace to the circuit clerk, and is in this record; but there is no entry thereon showing its approval.

Appellant testified, on the hearing of the motion, that the judgment against him was rendered on a Saturday, and that on the following Tuesday he made and delivered the appeal bond to the justice of the peace, who accepted it and said it was all right. The justice of the peace testified that the bond was filed with him within less than five days after the rendition of the judgment, that he neglected to mark it "Approved," which was probably from an oversight, and that he would have approved the bond, and was still willing to approve it, and make proper entry thereon. He further testified that it was his custom to transcribe his record and file it with the circuit clerk as soon as bond for appeal was given, and that because of this custom it was his recollection that in the present case this was done. The circuit clerk was introduced, and we quote from his testimony as follows:

"Q. Tell the court when you filed that paper, with reference to the time Mr. Chennault handed it to you for filing, if you know? A. Why, I filed it the day he turned these papers over to me, August 10, 1909. When does it show that the judgment here was given in the lower court? A. The 6th day of August, 1909."

August 6, 1909, fell on Saturday, and August 10, 1909, on Wednesday. It was sufficient if the bond was approved on August 10th. From the examination of the witnesses in this case it seems that counsel expected the circuit clerk's testimony to show that the appeal papers were not filed in his office until after the expiration of five days.

The facts appearing in the record convince us that the trial court erred in sustaining the motion to dismiss the appeal. The failure on the part of the justice of the peace to indorse his approval on the appeal bond within five days after the rendition of judgment will not affect the validity of the appeal in this case, as it is shown that the bond was filed with him within the statutory time.

and delivered by him, with other appeal papers, to the circuit clerk; that he made no objection thereto, nor to the surties thereon; that he was willing to approve it; and that he failed to enter his approal on the bond through mere oversight on his part. *Winner* v. *Williams,* 82 Miss. 669, 35 So. 308.

*Reversed and remanded.*