CAMPBELL *et al. v.* McCORMICK MOTORCAR CO.*

(Division A.    March 21, 1927.    Suggestion of Error Overruled April
18, 1927).

[113 So. 175.    No. 26006.]

1. JUSTICES OF THE PEACE.    *Appeal, taken from justice court after
   time prescribed by statute, and proceedings thereon are nulli-
   ties (Hemingway's Code, section 63).*
   Time prescribed, under Code 1906, section 83 (Hemingway's Code,
   section 63), for taking an appeal from judgment of a jus-
   tice of the peace is a limitation of jurisdiction of circuit court,
   and, if appeal be taken after prescribed time has expired, there
   is no jurisdiction and appeal and proceedings thereon are nulli-
   ties.

2. APPEAL AND ERROR.    *Order overruling motion to dismiss appeal
   from justice court will be affirmed, where record does not contain
   testimony introduced thereon (Hemingway's Code, section 63).*
   Where record does not contain testimony on motion to dismiss ap-
   peal from justice court for failure to file appeal bond within
   period prescribed by Code 1906, section 83 (Hemingway's Code,
   section 63), order of circuit judge overruling motion must be af-
   firmed, notwithstanding record shows that appeal bond was
   filed after expiration of time allowed, since it will be assumed
   that question of fact was raised and proof adduced showing
   that bond was filed within statutory period.

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, p. 485, n. 1;
Justices of the Peace, 35CJ, p. 743, n. 55; p. 762, n. 18.

APPEAL from circuit court of First district, Jones
county.

HON. R. S. HALL, Judge.

Action by the McCormick Motorcar Company against
Jesse Campbell.    Judgment for plaintiff against defend-
ant named, R. V. Campbell, and others, in circuit court,
on appeal from a dismissal in justice court, and defend-
ant appeals.    Affirmed.

*Shipman & Taylor,* for appellants.

*The circuit court was without jurisdiction of the purported appeal from the justice of the peace court.* The want of jurisdiction over the subject-matter may be questioned at any time. It may be raised either in the trial court, before or after judgment, or for the first time in the appellate court, and is fatal at any stage of the proceeding, even when collaterally involved. See *Green* v. *Creighton,* 10 S. & M. 159; *Wilson* v. *Rodewall,* 49 Miss. 512.

The following decisions demonstrate the error of the lower court in entertaining jurisdiction of the appeal from the justice of the peace court. *Kramer* v. *Holster,* 55 Miss. 243; *Muff* v. *Osburn,* 24 So. (Miss.) 873; *Gwin* v. *Carroll,* 1 S. & M. 351; *Commercial Bank of Manchester* v. *Martin,* 9 S. & M. 613; *Jacobs* v. *Jackson,* 91 So. (Miss.) 36; *Underwood Typewriter Co.* v. *Taylor,* 94 Miss. 584, 48 So. 15.

When, in the light of the foregoing cases, which we submit, leave no room for doubt or speculation concerning the law applicable to this case, we further consider the fact that the same amendment which prescribes ten days instead of five, as was the law under which all but one of the cited cases were decided, also authorizes a losing party in a suit in the justice of the peace court, where he experiences difficulty in finding the justice, to perfect his appeal by making affidavit as to the facts and filing his bond with the circuit clerk, we see that there is no longer the slightest excuse for a failure by a defeated litigant in the courts of justices of the peace to perfect his appeal within the ten days prescribed by the statute; and when he fails to so do, there is no relief from the result of his own negligence.

It follows, therefore, that the court being without jurisdiction of the subject-matter or the parties, the judgment was and is an utter nullity.

*Reporter's Note*: No brief was filed for the appellee.

McGOWEN, J., delivered the opinion of the court.

The appellee, McCormick Motorcar Company, filed its affidavit in the court of a justice of the peace in Jones county, alleging that Jesse Campbell, the appellant, was indebted to the McCormick Motorcar Company in the sum of one hundred thirty-two dollars and ten cents for a certain Ford automobile motor remaining in the possession of Campbell; that the motorcar company had a lien for the purchase money on said car. Thereupon a writ of seizure was issued by the justice of the peace, and was duly executed and served upon the appellant. The writ was returnable before the justice of the peace on the 24th day of October, 1924, and on March 7, 1925, the justice of the peace dismissed the case at the costs of the plaintiff, the plaintiff having failed to appear and the defendant being in court.

The record shows that the McCormick Motorcar Company filed its appeal bond with the justice of the peace on the 23d day of March, 1925, more than ten days after the date of the rendition of the judgment—to be exact, sixteen days thereafter. The record was duly filed in the circuit court of that county, and Campbell, by his attorneys, moved to dismiss the appeal, because the appeal bond was not filed within the time allowed by law, which motion the court overruled, and the cause was continued to the February, 1926, term of court. The case was then tried and judgment rendered in favor of plaintiff for one hundred thirty-two dollars and ten cents against the defendants and the sureties on their bond, by which the defendants had obtained possession of the property.

The only error assigned here by counsel for the appellant is that the circuit court erred in overruling his motion to dismiss the appeal, because the appeal bond was not filed within the ten-day period prescribed by the statute for taking appeals. The bond here, on its face,

was not filed within the statutory time allowed for an appeal. Section 63, Hemingway's Code (section 83, Code of 1906) provides how an appeal may be taken from the judgment of a justice of the peace, and provides that such may be taken if appeal be demanded and bond given for double the amount of property involved within ten days after the rendition of the judgment.

This court has repeatedly held that the time prescribed by the statute within which an appeal may be taken is a limitation of the jurisdiction of a circuit court; and, if the appeal be taken after the prescribed time fixed by the statute has expired, there is no jurisdiction, and the appeal and proceedings thereon are nullities. *Kramer* v. *Holster,* 55 Miss. 245; *Murff* v. *Osburn* (Miss.), 24 So. 873; *Underwood Typewriter Co.* v. *Taylor,* 94 Miss. 584, 48 So. 15.

However, it appears from the record in this case that the court, in overruling the motion to dismiss the appeal, entered the following order:

"This day this cause came on to be heard on the motion of the defendant to dismiss, and said motion *and the testimony thereon* is by the court heard and considered, and said motion is by the court overruled. It is by the court, however, ruled that either party may take *additional testimony* for or against said motion for the purpose of completing the record herein. (Italics ours.)

"And this cause is by agreement of the parties continued for the term, and set for the 1st day of the February term, 1926, of the court."

It plainly appears that the court heard testimony in passing upon the motion, the nature of which the record does not advise us, because such testimony so taken is not in the record. We must assume that the testimony heard by the circuit court on this motion was influential with it in passing upon that question. The judge of that court had the advantage of testimony of which we are deprived because it was not made a part of the record. We are constrained to believe that the testimony

was of such character, in view of the plain stipulation of the statute, as to control and guide the circuit judge to the judgment rendered. If the oral evidence could properly have been introduced, the court was authorized to overrule the motion to dismiss the appeal.

In the case of *Winner* v. *Williams,* 82 Miss. 669, 35 So. 308, the appealing party gave the appeal bond to the constable of the court, on the third day after the judgment was rendered, who promised to deliver it to the justice of the peace. The constable testified that he went into the office of the justice of the peace, and offered the bond to him, and read the bond and the names of the bondsmen to him, and the justice of the peace said:

" 'That is all right, but I am busy now. Hand it to me when I get through.' "

That he did not hand the bond to the justice of the peace, and that the bond was given to the justice of the peace several days after the five-day period had expired. The court held:

"The finding of the circuit judge on the disputed question of fact, on the hearing of the motion to dismiss the appeal from the justice of the peace court, will not be disturbed."

It further held that the action of the constable constituted a legal filing, which could not afterwards be invalidated.

In the case of *Redus* v. *Gamble,* 85 Miss. 169, 37 So. 1010, the court held that the right of appeal could not be lost by the failure of a justice of the peace to indorse his approval on the bond; that the bond in that case was actually filed and approved within the statutory limit for appeals, although it did not so appear on the bond.

In the case at bar, we must assume a question of fact was raised and proof adduced showing that the appeal bond was filed within the statutory limit, and that the court below so found.

In the case of *Wilson* v. *Brown,* 94 Miss. 608, 47 So. 545, Judge FLETCHER, said:

"The chancellor's notes show that one Ida Bass testi-
fied in the case; her testimony being taken orally before
the chancellor, presumably by agreement. This testimony
is not before us, and we are therefore not able to judge
of its effect. It may have been controlling with the
chancellor, and we are compelled, in this state of the
record, to uphold his finding of fact."

In the case of *Pratt* v. *Hargreaves,* 75 Miss. 897, 23 So.
519, Chief Justice WHITTIELD, speaking for the court,
said, in effect, that when the question of the residence
of the testatrix was, by agreement, submitted on testi-
mony not contained in the bill of exceptions, the finding
of the court would be affirmed.

As the record here does not contain the testimony on
the motion to dismiss the appeal heard by the court,
we must affirm the finding of the judge and presume that
his judgment is correct.

*Affirmed.*