HELTON *et al. v.* FEDERAL CREDIT CO.*

(Division B. May 30, 1927.)

[113 So. 196. No. 26515.]

JUSTICES OF THE PEACE. *Rejection by justice of the peace of appeal bond, after previous timely acceptance and approval, did not defeat appeal.*

Where appeal bond offered to justice of the peace within ten days' time allowed therefor was accepted and approved by him, he immediately lost jurisdiction of the case, so far as the appeal was concerned, and his subsequent disapproval and rejection of appeal bond did not operate to defeat appeal to circuit court.

*Corpus Juris-Cyc References: Justices of the Peace, 35CJ, p. 786, n. 61; p. 788, n. 5, 10.

APPEAL from circuit court of Wayne county.
HON. J. D. FATHEREE, Judge.

Suit by the Federal Credit Company against S. E. Helton and others. From a judgment dismissing the appeal from the justice court, defendants appeal. Reversed and remanded.

*E. C. Fishel* and *C. C. Smith,* for appellant.

The bond as originally filed was marked by the justice of the peace "approved" on May 1, 1926, and this approval before the expiration of ten days from the ren-

dition of the judgment operated to remove the case to the circuit court and anything and everything the justice of the peace did or attempted to do in relation to the case thereafter was null and void.

The justice court had a right to use his fair judgment in approving the bond, but when he had used it and approved the bond, he had no right to change that judgment and thereby deprive the appellant here of his right of appeal who in the case at bar has learned of the disapproval for the first time after the expiration of the time for appeal. *Robertson* v. *Mhoon,* 68 Miss. 712, 9 So. 887.

It is the duty of the circuit court to see that when the law has been substantially complied with the rights of litigants are not prejudiced by technical errors. *Winner & Myers* v. *Williams,* 35 So. 308, 82 Miss. 669. See, also, *Redus* v. *Gamble,* 85 Miss. 669, 37 So. 1010.

The bond as tendered was solvent according to the testimony of Mr. Smith, attorney; but if it had been insufficient, this could have been remedied by motion in circuit court and this was the proper remedy. Hemingway's Code, section 74, (Code of 1906, section 92); *Barrett* v. *Pickett,* 78 So. 777.

*W. M. Hutto,* for appellee.

*Jacobs* v. *Jackson,* 91 So. 36, is a similar case. The facts are almost identical. The only distinction between the two cases is that Jacobs carried the bond to the justice in person, while the appellant here mailed the bond to the justice and the justice immediately returned the bond on account of the bond's insufficiency, and the bond was kept in the possession of his attorney and himself until after the expiration of the time allowed by law for taking appeals from the justice's court.

The following cases, we think, support the finding of the circuit court in sustaining the motion to dismiss the appeal of the appellant: 118 Miss. 701, 79 So. 852; 117

Miss. 224, 78 So. 7; 130 Miss. 656, 91 So. 36; 128 Miss. 434; 94 Miss. 584, 48 So. 15. See also section 63, Hemingway's Code.

It is mandatory that appellant file a good and sufficient bond and have the same approved by the justice before the expiration of ten days, and failure to do so is a limitation of the jurisdiction of the circuit court. See 55 Miss. 243.

HOLDEN, P. J., delivered the opinion of the court.

This suit involves the question of whether or not the lower court erred in dismissing the suit, appealed from a justice of the peace court, on the ground that the appeal bond was not approved by the justice within the ten days allowed for appeals to the circuit court.

The Federal Credit Company obtained a judgment against the appellant Helton in the justice court. Helton presented an appeal bond to the justice of the peace within the ten days' time allowed in which to appeal, and the justice, upon receiving and examining it, marked it, "Approved," within the ten days' period, but, upon further investigation of the solvency of the sureties on the bond, and after receiving advice as to the solvency of said sureties, the justice, on the next day, decided to disapprove and reject the appeal bond, and thereupon the justice mailed the appeal bond back to counsel for appellant, stating that additional sureties would have to sign the bond before he would accept it; whereupon the appellant had other parties to sign the bond, and returned it, by mail, to the justice, who received and approved it, after the expiration of the ten days allowed by law for appeals. These facts and circumstances developed on the hearing of the motion before the circuit judge to dismiss the appeal from the justice court because of no jurisdiction.

The justice testified, in substance, as related above, and said that he approved the bond at first, and so marked

147 Miss.—7.

it, but changed his mind the next day as to the sufficiency of the surety, and that he then erased his approval, and afterwards approved it on a date subsequent to the ten days' time in which an appeal may be taken.

We think the circuit court erred in dismissing the appeal from the justice court, because the appeal bond offered to the justice was accepted and approved by him, and he thereby immediately lost jurisdiction of the case, so far as the appeal was concerned. If the bond was insufficient, or otherwise defective, there was a remedy whereby it could be corrected, or the appeal dismissed by the circuit court. But, when a justice of the peace approves an appeal bond, he cannot, for any reason, change his mind the next day and reject the bond, and, in this way, defeat an appeal to the circuit court. It would be bad policy, as well as error, to permit a justice of the peace to disapprove an appeal bond after he had once accepted and approved it.

The litigant who has filed an appeal bond, which a justice of the peace has approved, and goes his way, may afterwards find out that the justice of the peace has rejected the bond, and there is then no chance for an appeal, because the time has expired. The law does not contemplate that a justice of the peace shall have authority to change his official act of approval of an appeal bond within the ten days allowed for appeal. *Winner* v. *Williams,* 82 Miss. 669, 35 So. 308.

The judgment of the lower court is reversed, and the case remanded.

*Reversed and remanded.*