CARNEY *v.* MOORE.

[94 South. 890. No. 22945.]

1. JUSTICES OF THE PEACE. *Law providing appeal to circuit court from
justice of the peace mandatory and jurisdictional.*

Section 83, Code 1906 (Hemingway's Code, section 63), which pro-
vides that either party may appeal to the circuit court from the
judgment of any justice of the peace, provided the appeal be de-
manded and bond be given within ten days from the rendition of such
judgment, is mandatory and jurisdictional; it is a limitation on the
jurisdiction of the circuit court, and not a mere statute of limitations
to be pleaded by the opposite party; and, where such appeal bond is
given after the expiration of ten days from the rendition of the judg-
ment by the justice of the peace, such an appeal is void, and the
circuit court is without jurisdiction to try the cause. It is without
jurisdiction of either the person of the opposite party or the subject-
matter of the litigation, and such an appeal should be dismissed by
the circuit court at any time that fact is brought to the attention
of the court, whether before or after a trial *de novo* in said court.

2. APPEARANCE. *Justices of the peace. Jurisdiction of subject-matter can-
not be given by a waiver of jurisdiction of the person by voluntary
appearance; appearance in circuit court not waiver of jurisdictional
defect in appeal.*

Jurisdiction of the person may be waived by voluntary appearance of
a party to a cause, but if the court in which such cause is pending
is without jurisdiction of the subject-matter it cannot be given juris-
diction by waiver or consent, and any judgment which the court might
render in such a case would be void.

APPEAL from circuit court of Lauderdale county.

HON. J. D. FATHEREE, Judge.

Action by N. C. Moore against G. H. Carney. From a
judgment of the circuit court dismissing an appeal from

a judgment of a justice of the peace, defendant appeals. Reversed, and judgment for defendant.

*McBeath & Miller,* for appellant.

Two questions are presented by this appeal: First: Was the appeal bond given by appellee, as required by section 63, Hemingway's Code, executed within ten days after the rendition of the judgment? Second: If not given in time, was the appearance of the appellant and his counsel and their engaging in the trial of the cause in the circuit court a waiver of their right to object to the jurisdiction of the court after a judgment had been given to appellee.

As to the first question we submit that there can be no doubt that said appeal bond was not given within ten days as required by our statute. The judgment in the justice of the peace court was rendered on May 20, 1920, and the appeal bond was given, and filed with the justice of the peace on May 31, 1920, same being the eleventh day. It is true the tenth day fell on Sunday but as stated in section 1373, Hemingway's Code: "Sunday shall be reckoned in the computation of time," in cases of this kind. We think the case of *Nickles* v. *Kendrick,* 76 Miss. 334, settles this first proposition.

As to the second proposition we submit that, if the appeal bond was not filed by appellee, as required by law then the judgment against the appellant in the circuit court is void; and that the appearance of the appellant and his counsel and their engaging in the trial of the cause in the circuit court was not a waiver of his right to object to the jurisdiction of the court after the judgment had been rendered in favor of appellee.

We submit that the circuit court has no jurisdiction of the case. The statute expressly requires that such an appeal must be taken "within ten days," and as said in *Kramer* v. *Holster,* 55 Miss. 244: "The time prescribed for the appeal is a limitation of the jurisdiction of the cir-

cuit court and for an appeal taken after the prescribed time is a nullity."

This is clearly a case involving the jurisdiction over the subject-matter; and, to render the jurisdiction of a court complete, it must have jurisdiction over the subject-matter. 17 Am. and Eng. Ency. of Law, pages 1059, 1061. This being a case not within the jurisdiction of the circuit court, no authority to hear and determine the cause can be given by the parties, as stated in 17 Am. and Eng. Ency., at page 1062.

We also respectfully call the court's attention to pages 1042 and 1043, of Vol. 7, Ruling Case Law; 11 Cyc., pages 673 and 674, also on page 1066 of Vol. 17 Am. and Eng. Ency. of Law. We also call the court's attention to 3rd Cyc. page 515. Also 11th Cyc., pages 697 and 698, under the head of "Waiver of Objections." "Three distinct factors are to be considered in determining whether or not there is a waiver: (1) Jurisdiction itself; (2) The pleadings as affecting the same; (3) The proceedings in the action.

As to the first, if there is an absolute want of jurisdiction in the premises, that which is without existence cannot be brought into being by a waiver, for a nullity cannot be waived. Consent as has been elsewhere stated cannot, in the absence of an express statutory provision, give jurisdiction."

We find also on page 699, of Vol. 11, Cyc. the following: "Time of objecting—Want of jurisdiction over the subject-matter may be taken advantage of at any stage of the proceedings."

Also on page 1039 of Vol. 7, "Ruling case Law": "Consent as Conferring Jurisdiction—It is an universal rule of law that parties cannot, by consent, give a court such jurisdiction in a matter which is excluded by the laws of the land."

"In such a case the question is not whether a competent court has obtained jurisdiction of a party triable before it; but whether the court itself is competent under any cir-

cumstances to adjudicate a claim against the defendant, and where there is want of jurisdiction of the subject-matter, a judgment is void as to all persons, and consent of parties can never impart to it the vitality which a valid judgment derives from the sovereign state."

We think from the above law as quoted that there can be no doubt about this judgment being void. It mattered not, that because the appellant appeared in the circuit court and his attorneys tried this case before a jury, and the jury returned a verdict for appellee, this action on the part of the appellant and his attorneys does not give to the circuit court jurisdiction over the subject-matter.

The appellant had the right to call the court's attention to the want of jurisdiction at any stage of the trial. The lack of jurisdiction over this subject-matter in this case could be brought up even on appeal to the supreme court for the first time. *Humphreys* v. *McFarland*, 48 So. 182, that: "Appeal from circuit court in a case originating in a justice court will be dismissed for want of jurisdiction, there being no bond in the record on the appeal from the justice to the circuit court."

We also call the court's attention to the case of *Switzer* v. *Berring*, 48 So. 401, in which was said:

"It is obvious that the amount in controversy does not exceed fifty dollars, and we are therefore without jurisdiction. Jurisdiction of the subject-matter cannot be conferred on the court by consent of parties."

It was held in the case of *Hurd* v. *Tombs*, 7 Howard, page 229: "A court cannot exercise jurisdiction contrary to the constitution even by consent of a party." It was further said in the case of *Ruff* v. *Montgomery*, 35 So. 465: "That the supreme court of the state of Mississippi could dismiss an appeal to the supreme court from the circuit court by its own motion where the circuit court had no jurisdiction, and in which case it was said: 'Where a record on appeal to the supreme court from the circuit court in a suit begun before a justice of peace shows no appeal bond from justice court or any record of the proceedings

in that court, appeal will be dismissed.' " We see no need of piling up authorities on this question.

*C. M. Wright,* for appellee.

The general rule established by all of the leading cases, is clearly stated in 2 Ruling Case Law, page 117, section 93: "In some jurisdictions the view is taken that the giving of the statutory appeal bond is jurisdictional, and therefore cannot be waived by appellee, in the absence of statutory authorization; as the provisions of law requiring a bond are not solely for the benefit of the appellee, but are based partly upon considerations of public policy to discourage frivolous and vexatious litigation. The prevailing view, however, is that an appellee may waive the giving of an appeal bond, and the statutes in some cases expressly so provide. The appellee by delay in objecting to the bond may be deemed to have waived them, and when the appellee is permitted to waive the giving of the appeal bond, his attorney may waive it on his behalf."

The court will observe from this statement of the rule that there are two lines of authority. The first is that the question of jurisdiction arises on the failure to file an appeal bond when a matter of public policy appears in the statute, which public policy is security against frivolous or vexatious appeals. The second is that when no such public policy is manifest, the appeal bond may be waived because the statute only requires security of the appellee against loss. The bond being intended solely for his benefit he may waive the giving of it. Necessarily, if he may waive the giving of the bond, he may, by his conduct of appearing and trying the case, waive his objection to filing the bond late, if the court should say in this case that it was filed late.

If the court in the Kramer case (*Kramer* v. *Holster, supra*), in its opinion spoke of the jurisdiction of subject-matter, it necessarily spoke of it because of the public policy embraced in the statute of 1871. It could not have

spoken of it because of the provision for giving bond, for the bond required was for security to the person. If the jurisdiction spoken of was the dual jurisdiction of subject-matter and person, then it must necessarily have been because of the dual aspect of the statute as securing public policy and person. Then if the present statute omits the provision securing public policy, and leaves only the provision of security to the appellee, then, the state has abandoned the matter of public policy in appeals from justice courts, and public policy may be no longer considered in such appeals, but only the question of whether the appellee is properly secured. In such state of case the only remaining question of jurisdiction is that of the person, which counsel admits may be waived.

But let us examine precisely what the court did say in the case of Kramer v. Holster. It made no reference to the matter of subject-matter jurisdiction. It did say the right of an appeal is given to be exercised upon certain terms within a fixed time, during which time the other party is supposed to be cognizant of an appeal taken; but an appeal after the time is to be disregarded, because, it is without notice, in law, to the opposite party. Therefore the appeal was void, because there was no notice. This is in substance all that the case decides on the matter of the appeal. There is no intimation in the case of the appearance of the appellee. If there had been such appearance the question of the notice would not have been involved and would not have been discussed.

If the appellant took notice of an appeal, and appeared and asked several postponements and continuances of the cause, and appeared and tried the cause, and lost, it does not now lie within him to say that he had no notice under the Kramer v. Holster case, supra. That case decides no such thing. It did decide the case purely on the question of lack of notice, which notice can affect only the person. It affecting only the person, it may be and was waived in this case.

What was done by the appellant in this case comes precisely within the rule stated in 24 Cyc., page 663, as follows: "An objection that an appeal has been taken after the time allowed by law is waived by a general appearance of the appellee, without raising the objection."

I call the court's attention to the language used by the Virginia supreme court in the case of *Insurance Co.* v. *New York Carousal Company,* 40 L. R. A. 238, as follows: To dismiss the appeal at this late day, under these circumstances, would be grossly unjust. The appellee after such delay must be considered as having waived any defect in the bond."

I also call the court's attention to the language used by the Illinois supreme court in the case of *Sherwood* v. *Illinois Trust, etc., Bank,* 88 American State Reports, pages 189 and 190.

After citing the case of *Kramer* v. *Holster, supra,* appellant's counsel cited at length authorities that there can be waiver of the subject-matter. I have no quarrel with these authorities, because I do not think that they are germane to this case.

Let's examine the other Mississippi cases cited by counsel for appellant. Unless such Mississippi cases establish a rule of jurisdiction of the subject-matter, the many citations with reference to jurisdiction of the subject-matter, are without force. I admit that if appellant had made timely objection that because the appeal bond was filed on the eleventh day, his motion would have been sustained, if the court should be of the opinion that under the circumstances, the eleventh day was too late to file the bond, but I do insist that the objection came too late after a verdict and judgment and after the overruling of his motion for a new trial, unless the Mississippi cases cited show that to entertain this appeal, is tantamount to entertaining an original suit for eighty dollars.

We will first notice the case of *Humphrey* v. *McFarland,* 48 So. 182. That was a case where no bond appeared in the record. There could, of course, be no jurisdiction of

the person.   This appeal was perfected and the court's opinion appears on page 875 of the same Volume, Southern Reporter.

The next case, that of *Switzer* v. *Benny,* 48 So. 401, is not an authority for any question properly before the court in the instant case.   That case deals with the jurisdiction of the supreme court on an attempt by fraudulent agreement so far as the court was concerned, to invoke its holding in a case where jurisdiction was specifically denied by the statute.   This was an attempt by agreement to have judgment entered for more than fifty dollars in a suit for twenty dollars, in order that the supreme court's opinion might be had, when on affirmative showing only twenty dollars was involved in the litigation.

The next case cited *Gardner* v. *R. R. Company,* 29 So. 469, is a case where no judgment of the justice of the peace and no bond appeared in the record.   If there was no showing of any bond filed, there was no jurisdiction of the person because there was nothing to secure the person as provided by law, and there is no question of waiver suggested in the record.

The next case cited as *Ball* v. *Sledge,* 82 Miss. 747.   In this case there was no judgment and no bond.  Hence in the supreme court it had the appearance of first being tried in the circuit court, because no judgment of the justice of the peace appeared, and no jurisdiction of the appellee because no bond was given and hence no security to him.

In the case of *Ruff* v. *Montgomery,* 35 So. 465, there was no record of any proceedings in the justice of the peace court whatever, and of course no jurisdiction could be acquired by the supreme court.   I submit that in none of the cases mentioned by counsel is there a showing that any question of waiver was before the court.   I further submit that none of the cases even suggest that the question of jurisdiction considered is that of the subject-matter and not that of the person.   In no one of these cases

was the question of waiver even suggested as shown by the report of any one of the cases.

The case of *Hurd* v. *Tombs,* 7 Howard, page 229, has no bearing on the question here. That case merely decides that a trial *de novo* in the circuit court on appeal from a justice of the peace court, does not give the circuit court original jurisdiction of cases cognizable only by the justice of the peace court under the constitution. There is absolutely nothing else in this case on the question of jurisdiction.

I call the court's attention to the citation of counsel · from 17 American & English Encyclopedia of Law, page 1061, as follows: "Jurisdiction of the subject-matter is given by law and cannot be conferred by consent of the parties." And on page 1059, as follows: "Jurisdiction of the subject-matter is the power to deal with the general subject."

This general subject referred to is the general right given by law for the enforcement of contracts; and, when litigants have undertaken in a substantial way a compliance with the practice acts, in good faith, and with appearance of all parties, and submitted their cause, it is against the policy of the courts to nullify such acts because of technical failures not seasonably objected to by the opposite party.

If the general rule stated in 2 Ruling Case Law, page 117, and 24 Cyc., page 663, *supra,* is the law, then the jurisdiction referred to cannot be other than that of the person because if jurisdiction of the subject-matter is what is meant, there could be no waiver. The Mississippi supreme court in no case has said the failure to file the bond in time affected the jurisdiction of the subject-matter, but under its reasoning and under the terms of its appeal statute affects only the person.

ANDERSON, J., delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Lauderdale county, dismissing an appeal to that court

from a judgment of a justice of the peace. Appellee, N. C. Moore, sued appellant, G. H. Carney, in a court of a justice of the peace of said county to recover eighty dollars which appellee claimed as a balance due him by appellant on open account. There was a trial in that court, which resulted in a judgment in favor of appellee, from which appellant attempted to appeal to the circuit court.

The bond for appeal to the circuit court was not executed by appellee until after the expiration of ten days from the rendition of the judgment by the justice of the peace, but this fact appears not to have been discovered by appellant until after trial and judgment in favor of appellee in the circuit court. There was a trial *de novo* in the circuit court, resulting in a judgment for appellee for the sum of eighty dollars, the amount sued for, with costs. There was a motion for a new trial by the appellant, which was overruled by the court. Later on in the term appellant discovered that appellee's bond for appeal to the circuit court had not been executed within ten days from the rendition of the judgment sought to be appealed from, as prescribed by section 83, Code of 1906 (Hemingway's Code, section 63). Thereupon appellant entered a motion based on that fact to dismiss the appeal to the circuit court and tax appellee with the costs, which motion the circuit court overruled, from which judgment appellant prosecutes this appeal.

The contention on the part of appellant is that section 83, Code of 1906 (Hemingway's Code, section 63), prescribing the time within which an appeal shall be taken from a judgment of a justice of the peace to a circuit court, is mandatory and jurisdictional, and therefore, when not complied with, the circuit court is without jurisdiction of either the person of the opposing party or of the subject-matter of the litigation, and that, although the party appealed against may by voluntary appearance consent to jurisdiction of his person he cannot waive jurisdiction of the subject-matter. On the other hand, the appellee contends that in such case the party appealed against may

waive both jurisdiction of his person and of the subject-matter. This question is controlled by the principles announced in *Kramer* v. *Holster*, 55 Miss. 243. In that case the court construed section 1332, Code of 1871, which provided that an appeal from a judgment of a justice of the peace should be taken within five days from the rendition of such judgment. Section 83, Code of 1906 (Hemingway's Code, section 63) provides, among other things, that either party may appeal to the circuit court from a judgment of any justice of the peace, provided the appeal be demanded and bond given within ten days from the rendition of such judgment. In that case the court held that an appeal from a judgment of a justice of the peace after the expiration of the time limited by the statute was void and did not vest the circuit court with jurisdiction to try the cause; that the time within which such appeals were required by the statute to be taken was a limitation on the jurisdiction of the circuit court, and not a mere statute of limitation to be pleaded by the opposite party. In other words, that the statute had a twofold purpose, namely, a limitation of time within which appeals might be taken, and also a limitation on the jurisdiction of the circuit court. Or putting it differently, that the purpose and effect of the statute was to confer jurisdiction on the circuit court upon condition that the appeal bond was given within the time prescribed by the statute. It is evident that what was said of the statute under consideration in that case applies with equal force to the statute here under consideration, for their object and purpose were the same, as is apparent from their language.

Appellee contends, however, that appellant by his voluntary appearance in the circuit court, and engaging in the trial there without objection to the jurisdiction of that court until after trial and judgment, waived the question of jurisdiction. A complete answer to that contention is that, although a party may consent to jurisdiction of his person, he cannot by consent give the court jurisdiction of the subject-matter, which is not conferred on it by law, 3

C. J., sections 124-127, inclusive, pp. 369-371. The circuit court had no jurisdiction of the subject-matter because the appeal bond was not given within the time fixed by the statute, and this failure could not be remedied by agreement. Therefore the circuit court being without jurisdiction of the subject-matter, the judgment is void, and appellant was authorized to attack it in the manner he did.

Reversed, and judgment here for appellant.

*Reversed.*