LAMAS *v.* RENALDO.*

(Division A.   May 28, 1928.)

[117 So. 331.   No. 27208.]

*Corpus Juris-Cyc. References: Justices of the Peace, 35 CJ, p. 762, n. 9; p. 764, n. 43.

*Wynn & Hafter*, for appellant.

*J. M. Cashin* and *Ernest Kellner, Jr.*, for appellee.

SMITH, C. J. The appellee recovered a judgment against the appellant in the court of a justice of the peace, from which the case was carried by the appellant to the county court, where a motion to dismiss was made, on the ground that the appeal bond had not been filed within the ten days limited therefor by section 83 of the Code of 1906, section 63, Hemingway's 1927 Code. This motion was overruled, and the appellee again recovered a judgment against the appellant, but for less than that rendered by the justice of the peace, and being dissatisfied therewith, the appellee carried the cause to the circuit court, wherein the judgment of the county court was reversed, and the cause remanded to the county court, with direction to sustain the motion to dismiss the

appeal from the court of the justice of the peace. From this judgment of the circuit court the appellant has brought the case to this court.

The judgment of the justice of the peace was rendered on the 14th day of April, 1927.

On July 8th an appeal bond was filed, and the justice of the peace indorsed thereon the following:

"This bond is this day filed and approved by me as of April 19, 1927, in obedience to the command of an injunction in the case of *W. H. Lamas* v. *J. V. Renaldo et al.*, this day served upon me, a copy of which writ of injunction is attached hereto. But in truth and in fact said bond was not presented to me, or filed or approved by me until the 25th day of June, 1927."

When the motion to dismiss the appeal came on to be heard in the county court, one of the attorneys for the appellant testified in opposition thereto as follows:

"In these cases a trial was had approximately about the first of April, and was taken under consideration by the justice of the peace, who, on the 14th of April, advised the attorney for W. H. Lamas he had rendered judgment in favor of the plaintiff. Defendant, through his attorney, prepared appeal bonds in both cases on the 20th day of April. When he was prepared to deliver these bonds he was called out of his office by the levee board for emergency work and phoned this fact to the justice of the peace, advising him that he had the bonds and asked him if he would consider them as filed to be delivered the next day, to which the justice of the peace consented. The following day the levee broke, and for several weeks thereafter Judge O'Bannon was out of his office because of the flood conditions, and from the 21st to the 24th of April it was impossible to file or deliver these bonds to the justice of the peace.

"After the water receded from the office of Judge O'Bannon, the witness again reminded him of this fact, to which he assented. Approximately about the first of

June, or possibly later, Judge O'Bannon phoned the witness that he could not file these bonds, and from that date until they were actually filed the attorney for the defendant made no effort to file the same because of the opinion of Judge O'Bannon. The judgment was entered in the justice of the peace court for the plaintiff on April 14th.''

The statute provides that an appeal from the court of a justice of the peace must ''be demanded and bond given within ten days after the rendition of the judgment.''

The appellant's contention is that his appeal bond was given within the meaning of this statute when his attorney advised the justice of the peace ''over the telephone that he had the bond, and asked him if he would consider it as filed, to be delivered the next day, to which the justice of the peace consented;'' the failure to deliver the bond thereafter, before the expiration of the time therefor, being caused by no fault of the appellant.

A bond for an appeal from a judgment of a justice of the peace does not become effective until it is delivered to the justice of the peace, and he has had an opportunity of approving it.

There was here neither the delivery nor the approval of an appeal bond. That it became impossible for the appellant's attorney to deliver the bond after his telephone conversation with the justice of the peace before the time therefor expired can avail appellant nothing, as will appear by an examination of *Murff* v. *Osburn* (Miss.), 24 So. 873 and *Typewriter Co.* v. *Taylor,* 94 Miss. 584, 48 So. 15.

The case of *Campbell* v. *McCormick Motor Car Co.* (Miss.), 113 So. 175, relied on by appellant, is not here in point. In that case the bond appeared from the indorsement thereon to have been filed after the expiration of the time limited therefor. But the order of the court below, overruling a motion to dismiss the appeal therefor, recites the hearing of evidence on the motion, which

evidence was not set forth in the record. Because of the absence of this evidence, this court held that it must presume that the evidence disclosed that the bond was, in fact, filed and approved within the time limited therefor.

*Affirmed.*