LAMAS *v.* RENALDO.*

(Division A.   Oct. 15, 1928.)

[118 So. 417.   No. 27208.]

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, section 3436, p. 1305, n. 17; p. 1306, n. 19.

For former opinion, see 117 So. 331.
See, also, 117 So. 528.

SMITH, C. J. The appellee recovered a judgment against the appellant in the court of a justice of the peace, from which the case was carried by the appellant to the county court, where a motion to dismiss was made, on the ground that the appeal bond had not been filed within the ten days limited therefor by section 83, Code 1906 (secton 63, Hemingway's 1927 Code).

This motion was overruled, and the appellee again recovered a judgment against the appellant, but for less than that rendered by the justice of the peace, and, being dissatisfied therewith, the appellee carried the cause to the circuit court, wherein the judgment of the county court was reversed, and the cause remanded to the county court, with direction to sustain the motion to dismiss the appeal from the court of the justice of the peace. The appellant brought the case to this court, and the judgment of the circuit court was affirmed. 117 So. 331.

In entering the judgment of this court, the clerk included therein a judgment on the appellant's appeal bond, which embraced a *supersedeas,* for the costs in this and the circuit court, and also for the amount of the judgment rendered for the appellee in the county court. The appellee has filed a motion to correct this judgment, so as to award him a recovery on the appeal bond for the amount of the judgment rendered against the appellant in the court of the justice of the peace, but, if he is not entitled to that relief, then to correct the judgment so as to award him a recovery on the appeal bond only for the costs in this court and in the court below, the circuit court, so that the judgment of the justice of the peace will remain in full force and effect after the county court shall have dismissed the appeal to it therefrom.

The authority of this court in a case appealed to it, wherein it affirms the judgment or decree of the court below, to render a summary judgment on the appeal bond, when it includes a *supersedeas,* is conferred and measured

by section 4928, Code 1906 (section 3409, Hemingway's 1927 Code). That section provides:

"In case a bond has been given for a *supersedeas*, the judgment of the supreme court, on affirming the judgment or decree of the court below, or on a dismissal of the appeal by the appellant or the court, shall be for the money adjudged or decreed against appellant, and damages and costs, or for the specific property and damages and costs, or for the damages and costs," etc.

The judgment of the court below (the circuit court) was that the judgment of the county court "be and the same is hereby reversed and remanded to the county court of Washington county, Mississippi, with direction to said court to enter a judgment sustaining the motion . . . to dismiss the appeal." This judgment, it will be perceived, did not award the appellee a recovery for money, and therefore does not come within the provisions of the statute; and the rule is:

"In the absence of express statutory authority covering the case in question, a summary judgment on an appeal bond cannot be rendered by . . . the appellate court." 4 C. J. 1305.

It follows, from the foregoing views, that the motion must be overruled in so far as it prays for a judgment on the appeal bond for the amount of the judgment rendered in the court of the justice of the peace, but must be sustained in so far as it seeks to eliminate therefrom the judgment on the appeal bond for the amount of the judgment rendered by the county court; and it will be so ordered.

*Overruled in part, and sustained in part.*