GARDNER *et al. v.* CADE.

(In Banc.   February 24, 1941.)

[200 So. 720.   No. 34442.]

**W. D. Womack**, of Belzoni, for appellants.

**J. H. Price**, of Indianola, for appellee.

Argued orally by **J. H. Price**, for appellee.

**Alexander, J.**, delivered the opinion of the court.

Plaintiff brought her action in a justice court of Humphreys County for the conversion of two cows, valued therein at $115, and upon summons duly executed, took judgment by default in the amount sued for. The judgment was dated March 11, 1939. Appeal bond was filed therein dated "the —— day of April, 1939." No action was thereafter taken therein by the justice of the peace, and the record was not transmitted to the circuit court until its August 1940 term. Although there are allegations in the briefs as to the reason for the delay and the circumstances under which the transcript was prepared for transmittal to the circuit court, it is sufficient that the record shows its certification on August 12, 1940. Judgment by default was taken again in the circuit court against the defendants and the sureties on their appeal bond in the sum of $115, together with interest and statutory damages of ten per cent. Motion was thereafter made by defendants at the same term to set aside the default judgment. The grounds of such motion were that defendants had no notice or information of the filing of the transcript on appeal, and questioned the date of the judgment appealed from. It also alleged that defendants had a meritorious defense to the suit, but did not set out the nature of such defense. An affidavit of one of the defendants accompanying the motion alleged that "affiant immediately furnished a good and sufficient appeal bond after the judgment of the Justice of the Peace." The justice of the peace himself was introduced as a wit-

ness upon the motion and testified that the judgment in his court was rendered March 11, 1939. Testimony seeking to show when such judgment was entered on the magistrate's docket and also seeking to explain the circumstances and time of its rendition was excluded by the circuit court. Upon the appeal here there is questioned for the first time by the defendants the invalidity of the default judgment on the ground that the damages should have been ascertained by a writ of inquiry. So plaintiff for the first time alleges the invalidity of the appeal from the magistrate's court. There was no motion in the circuit court to dismiss the appeal on this ground. Upon the record as presented, the appeal bond in the justice court was filed at least twenty-one days after the judgment, which would render such appeal and the subsequent judgment thereon a nullity. Campbell v. McCormick Motorcar Co., 146 Miss. 672, 113 So. 175.

This Court will not affirm a judgment void on its face when appealed to this Court, even though this objection was not made in the lower court. Therefore there is no judgment for this Court to affirm. Alexander v. Porter, 88 Miss. 585, 41 So. 6.

Since there must be a reversal of the case on this ground, there is no need to notice other errors assigned.

Reversed and remanded.