## J. R. WATKINS Co. *v.* GUESS *et al.*

(In Banc.   May 8, 1944.)

[17 So. (2d) 795.   No. 35545.]

Ralph L. Landrum, of Jackson, for appellant.

**J. D. Guyton,** of Kosciusko, for appellees.

**Roberds, J.,** delivered the opinion of the court.

The question for decision in this ·case is whether an appeal in a civil case can be effectuated from a justice of the·peace court to the circuit court by delivery to the justice of the peace of a personal check of one of the defendants against whom a personal judgment had been rendered in the justice court. Appellant obtained in a justice court a·personal judgment against George Guess and Mrs. George Guess and Claude Wilkes for $167.16. The circuit court on appeal to it rendered judgment for appellees. It is admitted no appeal bond was given but that in lieu thereof a personal check of Wilkes for $250 was delivered the justice of the peace, although the transcript of the record of the justice of the peace makes no reference whatever to it. This check was cashed by the circuit clerk after the transcript of the record was filed with him, and the clerk, after rendition of the judgment by the circuit court, paid the money to appellee, Wilkes. Consequently, neither the check nor the money is now available.

It is the contention of appellant that the attempted appeal was a nullity and that the circuit court had no jurisdiction to hear this case on its merits and should have dismissed the appeal, and that, therefore, we have no jurisdiction and should here enter such dismissal.

The requirements for appeals are purely statutory. 4 C. J. S., Appeal and Error, Sec. 425, p. 881. The only statute in Mississippi prescribing the conditions of the appeal in this case is Section 1198, Code of 1942, reading, in the parts pertinent here, ''Either party may appeal to' the circuit court of the county from the judgment of any justice of the peace if appeal be demanded and bond given within ten days after the rendition of the judgment. The party taking the appeal shall give bond, with a sufficient surety, to be approved by said justice, payable to the opposite party, in the penalty of double the amount of the judgment, or double the value of the property involved, and all costs accrued and likely to accrue in the case, and in no case to be less than one hundred dollars, conditioned for the payment of such judgment as the circuit court may render against him . . .''

The requirement as to bond is mandatory and jurisdictional. Humphreys v. McFarland (Miss.), 48 So. 182, and Johnson v. Marshall (Miss.), 48 So. 182, neither reported in the State Reports; Woods v. Davidson, 57 Miss. 206; Carney v. Moore, 130 Miss. 658, 94 So. 890; Lamas v. Renaldo, 151 Miss. 325, 117 So. 331. The appeal was a nullity. The circuit court had no jurisdiction.

But it is contended by appellees that the circuit court could have permitted the filing of a bond had motion been made to that effect. Section 1208, Code 1942. The provisions of that section apply where a defective or insufficient bond has been filed, or properly tendered, but not to cases where there has been no attempt to give a bond. If the section applied in the latter case, the appeal could be successfully prosecuted for any reason, or upon any kind of pretext, or, for that matter, without reason or pretext.

It is also contended by appellees that appellant is estopped to raise the question here because the record does not show that it was raised below. Appellant replies that it did raise it by oral motion to dismiss, which was overruled. However, the record does not show such motion and we must consider the question as though not raised in the lower court. The question, being jurisdictional, can be raised here for the first time. Carney v. Moore, supra; Gardner et al. v. Cade, 190 Miss. 505, 200 So. 720.

The circuit court had no jurisdiction to hear this case on its merits and should have dismissed the appeal; consequently, we have no such jurisdiction, and can only enter here the judgment which the circuit court should have rendered, i. e., dismiss the appeal to the circuit court, leaving the judgment of the justice of the peace in full force and effect.

So ordered.

DISSENTING OPINION.

**Anderson, J.**, delivered a dissenting opinion.

It is true that the giving of the appeal bond within the time prescribed by the statute is jurisdictional, and our court has so held as pointed out in the controlling opinion. It never has held, however, and I do not think it ought to be, that where there is an honest attempt within the time limit to give the required bond, failure so to do is jurisdictional. In my opinion, our court has held exactly to the contrary on principle, although the facts were different from the facts of this case. In Keys v. Borden, 178 Miss. 173, 171 So. 887, the appeal bond was required to be in the penalty of $100, instead the bond given and approved was in the penalty of only $30. The court held that the approval of the defective bond and the transfer of the case to the appellate court gave that court as full jurisdiction as it would have had with the proper bond; that, therefore, the bond was amendable.

In Barrett v. Pickett, 117 Miss. 825, 78 So. 777, the appeal bond from a judgment of the justice of the peace court was blank as to the penalty. The court held that it could be amended by inserting the proper penalty, and also in Denton v. Denton, 77 Miss. 375, 27 So. 383, and Thorsen v. Illinois Cent. R. Co., 112 Miss. 139, 72 So. 879. In James v. Woods, 65 Miss. 528, 5 So. 106, the appeal bond was filed before the case was tried in the justice of the peace court. On appeal to the Supreme Court, that court said, in part, "The bond had the effect which one regularly executed and approved would have had, and it was available to protect appellee for all the purposes contemplated by law in such case."

In the present case, the justice of the peace and the appellant decided that $250 in cash was sufficient to answer the purposes of a regular appeal bond. Accordingly, the appellant gave his check on his bank, presumably payable to the justice of the peace, for that amount. The check was cashed by the circuit clerk. In other words, instead of signing the bond for the required amount, he signed a check which accomplished in full the same purpose. In such a case the adversary party is not prejudiced; the money answers the same purpose as the required bond. And if he conceives that it will not answer the same purpose, on motion the court should order the appellant to give the proper bond. In the present case, the record is entirely silent as to any objection to this bond in the circuit court or in this court until raised by the appellees' brief.

It is true that the record does not show when the check was given. The presumption, however, is that it was given within the time limited for appeal.