GILLESPIE, Chief Justice.
Lawrence T. Jefferson and wife, Mary Jefferson, hereinafter called owners, owned certain property in Wilkinson County, Mississippi, which was condemned by the Mississippi State Highway Commission in a special court of eminent domain. Being dissatisfied with an award of damages in the amount of $1,725 for the taking of their property, said owners filed a notice of appeal to the Circuit Court of Wilkinson County with the justice of the peace who presided over the special court of eminent domain. They also deposited $300 cash with the justice of the peace for the purpose of securing court costs in lieu of the bond required under Mississippi Code 1942 Annotated section 2766. This statute, governing appeals from special courts of eminent domain, provides in part that every party shall have the right to appeal to the circuit court by “executing a bond with sufficient sureties, payable to his adversary, in a penalty of Three Hundred Dollars ($300.00), conditioned to pay all costs that may be adjudged against him. * * * ” The justice of the peace issued a receipt stating that the $300 cash was “for appeal bond in case No. 3653, eminent domain.” When the case reached the circuit court, it was dismissed on the ground that no appeal bond had been filed as required by law. The record indicates that the owners’ attempt to cure the defect in the bond by amendment was refused. Thereupon owners perfected an appeal to the Supreme Court from the circuit court’s order of dismissal.
The only assignment of error is that the circuit court erred in dismissing the appeal. The question is: Was the deposit of cash in lieu of bond a nullity, or, was the attempt to give bond amendable? We hold that it was not a nullity and the circuit court should have allowed the owners to cure the defect in the bond by amendment.
*182 The case apparently relied upon by the trial court is Watkins v. Guess, 196 Miss. 438, 17 So.2d 795 (1944), which involved an appeal from the justice of the peace court to the circuit court. No appeal bond was given but in lieu thereof, a check was delivered to the justice of the peace and by him to the circuit clerk who cashed the check. In holding that the attempted appeal was a nullity, the Court stated that the requirement as to a bond is mandatory and jurisdictional. The effect of the decision was to hold that the deposit of cash in lieu of a bond is a nullity and may not be cured under Mississippi Code 1942 Annotated section 1208.
Since the Watkins case, there has been , a trend to view in a somewhat different light attempts to appeal by depositing cash in lieu of a bond. Both this Court and the legislature have been liberal in providing that appeals will not be dismissed because of defects in a bond. Two statutes allowing the appealing party to amend and cure defects in appeal bonds are Mississippi Code 1942 Annotated section 1959, concerning appeals to the Supreme Court, and section 1208, applicable to all appeals. These two statutes, although somewhat different, serve the same purpose and the principles involved are the same. Williams v. Johnson, 175 Miss. 419, 167 So. 639 (1936).
There is a line of cases dealing with sections 1959 and 1208 holding that certain defects in an appeal bond can be cured by amendment. The Court has allowed amendment in order to follow the statute where there was only one surety when the statute actually required two. Carter v. Carter, 221 So.2d 87 (Miss.1969); Lipson v. Lipson, 183 So.2d 900 (Miss.1966). Under the provisions of Mississippi Code 1942 Annotated section 1162, which authorizes a deposit of cash in lieu of bond where costs are prepaid, a bond was allowed to be perfected by amendment when an insufficient amount was paid to prepay the costs. Walters v. Fine, 232 Miss. 494, 95 So.2d 229 (1957). In Snipes v. Commercial & Industrial Bank, 225 Miss. 345, 82 So.2d 895 (1955), the bond was fixed at $1,000 and the appellant filed a petition for appeal and deposited $1,000 cash with the clerk. Although the appellant failed to pay the cost of the transcript, the Court nevertheless allowed the appeal to be perfected by filing a proper bond.
We are of the opinion that the efforts in this case to file a bond should not be deemed a nullity. The justice of the peace who presided over the special court of eminent domain had before him a petition for an appeal to the circuit court and accepted $300 cash, the correct amount of the cost bond, and issued a receipt reciting that it was received as an appeal bond. The only reason for giving a bond and having sureties thereon is to secure the payment of the costs. The deposit of cash unquestionably satisfied that purpose. In view of the recent cases construing Code sections 1208 and 1959, we hold that the appellants may cure the defect in the bond by filing the statutory bond with two sureties. Watkins v. Guess, supra, is hereby overruled to the extent that it conflicts with this decision.
The case is reversed and remanded to the circuit court where the appellants shall have thirty days after the filing of the mandate to give a bond in accordance with the statute; whereupon, the circuit court shall proceed with the case as otherwise provided by law.
Reversed, rendered and remanded.
All Justices concur, except RODGERS, P. J., who dissents.