COLEMAN, Justice,
for the Court:
¶ 1. Adrian Shipman, one of the appel-lees in the above-styled case, filed a Petition Appealing the Attorney General’s Ballot Title for Legislative Alternative Measure 42A in the First Judicial District of Hinds County, Mississippi. As more fully set forth below, the petition, filed pursuant to Mississippi Code Section 23-17-13, asked the circuit court to review the ballot title drafted by the Attorney General pursuant to Mississippi Code Sections 23-17-33 and 23-17-9 for the so-called Alternative Measure 42A, which the Legislature proposed as an amendment to Measure 42, itself a ballot measure proposed by petition of qualified electors pursuant to Section 273 of the Mississippi Constitution. Although the Legislature of the State of Mississippi as appellant raises several issues, we hold that the circuit court had no authority to entertain an appeal of the Attorney General’s ballot title for a legislatively created amendment to a ballot measure. Because the Circuit Court of Hinds County had no authority to hear the appeal, we reverse and render.
Facts and Procedural History
¶ 2. In March 2014, Luther T. Munford filed a proposed initiative measure with the Mississippi Secretary of State. If adopted, the proposed initiative measure, Initiative Measure 42, would amend Article 8, Section 201 of the Mississippi Constitution,[1] to provide as follows:
*1213 To protect each child’s fundamental right to educational opportunity, the State shall provide for the establishment, maintenance and support of an adequate and efficient system of free public schools. The chancery courts of this State shall have the power to enforce this section with appropriate in-junctive relief.
Fulfilling the duty imposed upon him by Mississippi Code Section 23-17-9, the Mississippi Attorney General drafted a ballot title for Measure 42 that reads, “Should the State be required to provide for the support of an adequate and efficient system of free public schools?”
¶ 3. That ballot title was challenged on appeal to the Circuit Court of Hinds County, First Judicial District, pursuant to Mississippi Code Section 23-17-13. The circuit court denied the challenge on April 25, 2014. Thereafter, sufficient signatures were obtained in support of Initiative Measure 42.
¶4. On October 6, 2014, the petition was submitted to the Secretary of State, who filed Initiative Measure 42 with the Secretary of the Senate and the Clerk of the House of Representatives on the first day of the 2015 Legislative Session. Thereafter, the House of Representatives adopted House Concurrent Resolution Number 9, which proposed an alternative to Initiative Measure 42. On January 14, 2015, the Senate adopted that resolution without amendment. Alternative Measure 42A would amend Article 8, Section 201 of the Mississippi Constitution and reads, “The Legislature shall, by general law, provide for the establishment, maintenance and support of an effective system of free public schools.” The Attorney General ultimately formulated a ballot title for Alternative Measure 42A which reads, “Should the Legislature provide for the establishment and support of effective free public schools without judicial enforcement?” Notice of the ballot title for Alternative Measure 42A was published by the Secretary of State on March 19, 2015.
¶ 5. On March 24, 2015, Shipman, “a qualified voter and resident of Lafayette County, Mississippi,” filed a Petition Appealing the Attorney General’s Ballot Title for Legislative Alternative Measure 42A in the Circuit Court of Hinds County, First Judicial District. The petition asserted that Shipman was entitled to appeal pursuant to Section 23-17-13. According to Shipman, the ballot title for Alternative Measure 42A was “deficient as a matter of form” because it “does not constitute a true and impartial statement that describes the purpose of the alternative measure ... and it does not indicate, as clearly as possible, the essential differences in the measure[.]”
¶ 6. The Attorney General filed an entry of appearance in the matter and filed a response to Shipman’s petition. The Attorney General argued that “the statutory 20-word limit imposes serious constraints on the information which can be included in a ballot title[,]” and that the ballot title “complies with all requirements of [Sections 23-17-9 and 23-17-33[,]” as it “highlights the essential differences between the proposals in a fair, impartial, non-prejudicial, and non-argumentative way....”
¶ 7. The Legislature of the State of Mississippi filed a Motion to Intervene. According to the Legislature, “[bjecause [Shipman] has named no Defendants in the Petition, there is no party to this action who can or will represent the interest of the Legislature.” Along with its Motion to Intervene, the Legislature filed (1) an Answer and Defenses and (2) a Motion to Dismiss. In those pleadings, the Legislature argued, inter alia, that the circuit court lacked jurisdiction over Shipman’s petition “because no law vests this [c]ourt *1214 with jurisdiction[,]” and the petition “fails to state a claim upon which relief may be granted because no law authorizes [Ship-man] to contest the ballot title assigned by [the Attorney General] pursuant to” Section 23-17-38.
¶ 8. In April 2015, the circuit court conducted a hearing on Shipman’s petition. On April 6, 2015, the circuit court entered its Order. The circuit court granted Ship-man’s petition and adopted a new ballot title for Alternative Measure 42A, which read, “Should the Legislature establish and support effective schools, but not provide a mechanism to enforce that right?”
¶ 9. Aggrieved, the Legislature appealed.
Discussion
¶ 10. Questions of jurisdiction and statutory interpretation, both of which come into play in today’s case, present matters of law reviewed de novo. 5K Farms, Inc. v. Miss. Dep’t of Revenue, 94 So.3d 221, 225 (¶ 14) (Miss.2012) (citing Ameristar Casino Vicksburg, Inc. v. Duckworth, 990 So.2d 758, 759 (Miss.2008)).
The Circuit Court of Hinds County lacked jurisdiction to hear Shipman’s petition.
¶ 11. Although the Legislature raises several issues, the first — whether the Circuit Court of Hinds County had jurisdiction under Section 23-17-13 to hear Ship-man’s petition — disposes of the appeal. For the reasons given below, we hold that it did not.
¶ 12. Mississippi Code Section 23-17-13 provides, in pertinent part, as follows:
If any person is dissatisfied with the ballot title ... formulated by the Attorney General, he or she may, within five (5) days from the publications of the ballot title and summary by the office of the Secretary of State, appeal to the circuit court of the First Judicial District of Hinds County by petition setting forth the measure, the title or summary formulated by the Attorney General, and his or her objections to the ballot title or summary and requesting amendment of the title or summary by the court.
A copy of the petition on appeal together with a notice that an appeal has been taken shall be served upon the Secretary of State, upon the Attorney General and upon the person proposing the measure if the appeal is initiated by someone other than that person.... The court may hear arguments, and, within ten (10) days, shall render its decision and file with the Secretary of State a certified copy of such ballot title or summary as it determines will meet the requirements of Section 23-17-9. The decision of the court shall be final.
Miss.Code Ann. § 23-17-13 (Rev.2007). We hold the above-quoted Section 23-17-13 only provides a mechanism to appeal ballot titles formulated by the Attorney General for Section 23-17-1(1) ballot measures (those proposed via petition of qualified electors); it provides no mechanism for and does not authorize any court to entertain appeals of ballot titles written for amendments to measures proposed by the Legislature pursuant to Mississippi Code Section 23-17-31.
¶ 13. The statutory language at issue in the instant case can be confusing,[2] *1215 so it is worth pausing here to note the two different statutorily created items that we discuss extensively below. The first, “measures,” are amendments proposed to the Mississippi Constitution that derive from “petition of qualified electors.” Miss. Code Ann. § 28-17-1(1) (Rev.2007). The second are what Section 23-17-31 names as amendments to the previously defined measures. The Legislature drafts amendments to measures when it objects to a measure. Miss.Code Ann. § 23-17-31 (Rev.2007).
¶ 14. Our primary goal in interpreting statutes is “to adopt that interpretation which will meet the true meaning of the Legislature.” Scaggs v. GPCH-GP, Inc., 931 So.2d 1274, 1276 (¶ 10) (Miss. 2006) (quoting Stockstill v. State, 854 So.2d 1017, 1022-23 (Miss.2003)). We do not add language where we see fit. Scaggs, 931 So.2d at 1276 (¶ 10). We do not “decide what a statute should provide, but ... determine what it does provide.” Palermo v. LifeLink Found., Inc., 152 So.3d 1099, 1105 (¶ 13) (Miss.2014) (quoting Lawson v. Honeywell Int’l, Inc., 75 So.3d 1024, 1027 (Miss.2011)).
A. Section 23-17-13 allows only the appeal of a ballot title drafted for “measures,” which is a statutorily defined term, includes only ballot initiatives proposed via petition of qualified electors, and excludes legislatively proposed amendments to measures.
¶ 15. Section 23-17-13 mandates that, to effect the appeal of a ballot title, the person dissatisfied with it may file a petition “setting forth the measure_” Miss.Code Ann. § 23-17-13 (Rev.2007). A copy of the petition along with a notice that the appeal has been taken then is served on the Secretary of State, the Attorney General, and “the person proposing the measure,” unless that person initiated the appeal. Id. The circuit court is required to “accord first priority to examining the proposed measure.” Id. Accordingly, Section 23-17-13 applies to the appeal of a ballot title drafted for a measure.
¶ 16. In Section 23-17-1(1), the Legislature defines a measure as “an amendment to the Mississippi Constitution ‘proposed by a petition of qualified electors under Section 273, Mississippi Constitution of 1890.” Miss.Code Ann. § 23-17-1 (Rev. 2007) (emphasis added). We cannot ignore the Legislature’s express definition. Richardson v. Canton Farm Equip., Inc., 608 So.2d 1240, 1250 (Miss.1992) (“Of course, the legislature has [the] power to define a term or phrase as it sees fit.”) (citing Miss. State Tax Comm’n v. Moselle Fuel Co., 568 So.2d 720, 723 (Miss.1990)). The Legislature saw fit to define the term “measure,” which appears three times in Section 23-17-23, in such a way that it includes only amendments “proposed by a petition of qualified electors.” The definition necessarily excludes what Section 23-17-31 calls “amendments to the measure” adopted by the Legislature, which Measure 42A would be, and it belies Shipman’s contention, found in her brief, that Section *1216 23-17-13 contains no language suggesting it applies only to amendments to the Constitution proposed via a petition of the electorate. In other words, pursuant to the statutory scheme, an amendment proposed by “petition of qualified electors,” such as Measure 42, is a measure, and Measure 42A, submitted by the Legislature, is an amendment to the measure. The statutes provide two different semantic designations for two different things, and only one of those things — measures— is addressed in Section 23-17-13’s creation of a right to appeal. Such a conclusion does not arise, as argued by Shipman, as a result of departing from the textual wording of the statute, but from paying close attention to the wording of the statute as well as the statutory definition of the “measure.”
B. The Legislature’s choice of the publication of the ballot title to trigger the running of the five-day time limit to file an appeal indicates that Section 23-17-13 was not intended to apply to amendments to measures.
¶ 17. Section 23-17-13 provides a five-day time limit for filing a petition to appeal the Attorney General’s ballot title, and the event that triggers the five-day period is the publication “of the ballot title and summary by the Secretary of State.” The ballot title and summary in question are those that Mississippi Code Section 23-17-9 requires the Attorney General to draft after receipt of a measure. After generating the ballot title and summary, the Attorney General files them with the Secretary of State,, who then must publish them in a newspaper of general circulation. Miss.Code Ann. § 23-17-11 (Rev.2007). It is the Section 23-17-11 publication that triggers the five-day deadline for appealing the ballot title, but the above-described requirement of publication applies only to initiative measures proposed by the electorate. No corresponding requirement of publication for Section 23-17-33 amendments to the measure is generated by the Legislature. Shipman contends that the procedural requirement of publication is irrelevant, but the Legislature’s choice to make the publication requirement the triggering event for the running of the five-day period makes it relevant.
¶ 18. To hold, as Shipman argues we should, that Section 23-17-13 includes within its scope appeals of ballot titles assigned to amendments to measures as well as measures, we would have to do so in spite of the fact that Section 23-17-13 provides no meaningful time limit on the appeal of an amendment to a measure. Were we to accede to Shipman’s request, we would reach an interpretation that puts both creatures — the measure and the amendment to the measure-under the same statutory roof, but the rule of the house, that an appeal must be quickly filed within five days, would apply to only one. We cannot reasonably do so. We must give statutes the construction that “effectuate their purposes rather than ... defeat them.” Brady v. John Hancock Mut. Life Ins. Co., 342 So.2d 295 (Miss.1977). One purpose of the Legislature in providing a means to appeal ballot titles for measures was to set a reasonable time limit upon such appeals, but because the triggering event — publication—need not occur with amendments to measures, there is no clear time limit applicable to ballot titles for amendments to measures, which defeats part of the above-described purpose.
C. The notice provisions of Section 23-17-13 have no effect if Section 23-17-13 allows for the appeal of a title drafted for an amendment to a measure.
¶ 19. The Legislature argues, and we agree, that the notice provisions of *1217 Section 23-17-13 have no effect upon the appeal of a ballot title drafted by the Attorney General for an amendment to a measure. Section 23-17-13 provides, in pertinent part, “A copy of the petition on appeal together with a notice that an appeal has been taken shall be served upon the Secretary of State, upon the Attorney General and upon the person proposing the measure if the appeal is initiated by someone other than that person.” Miss. Code Ann. § 23-17-13 (Rev.2007). The notice requirement makes no provision for notifying the Legislature, which is odd, since, when drafting ⅜ the Legislature was careful to ensure that any party interested in a measure is notified of such an appeal. Indeed, the problem is well illustrated by Justice Kitchens’s dissent, which assumes that the circuit court would have jurisdiction over the instant litigation, but the party drafting the initiative at issue would have no standing to appear.[3] Such a legal contest would be no contest at all, and the possibility of it belies any interpretation of Section 23-17-13, which both negates its provisions and does not work in harmony with the plain, ordinary meaning of the language found therein.
¶ 20. While perhaps not as compelling a point as the two made above regarding statutory definitions and the running of the five-day time period, the incongruity within the notice provision does indicate that another part of the statute would have no effect if the statute were intended to apply to ballot titles drafted for amendments to measures. See Miss. Methodist Hosp. & Rehab. Ctr., Inc. v. Miss. Div. of Medicaid, 21 So.3d 600, 608 (¶ 21) (Miss.2009) (“When reasonable, this Court is obliged to reach an interpretation that gives effect to all of the statutory language.”)
D. Judicial review of a ballot title for an amendment to a measure could not be complete if authorized by Section 23-17-13.
¶ 21. Section 23-17-13 provides specific direction to the Circuit Court of Hinds County when it hears the appeal of a ballot title. It requires the reviewing court to determine what title “will meet the requirements of Section 23-17-9.” Miss.Code Ann. § 23-17-13 (Rev.2007). It is silent as to whether the circuit court should consider a further requirement found in Section 23-17-33 that the ballot title generated for the amendment “shall indicate, as clearly as possible, the essential differences in the measure.” Traditional statutory construction “requires that a statute receive such construction as will, if possible, make all its parts harmonize with each other, and render them consistent with its scope and object.” Owens Corning v. Miss. Ins. Guar. Ass’n, 947 So.2d 944, 946 (¶ 7) (Miss.2007). We find ourselves unable to harmonize the Legislature’s inclusion of such an important requirement as clearly indicating the essential differences between the measure and the amendment to the measure on the one hand and its failure to direct the trial court *1218 to review that requirement in the statute that Shipman contends authorizes her appeal.
E. Section 23-17-9, which provides, “The ballot title formulated by the Attorney General shall be the ballot title of the measure unless changed on appeal,” does not create a right to appeal by virtue of being referenced in the later Section 23-17-33.
¶ 22. Mississippi Code Section 23-17-33 requires the Secretary of State “to obtain from the Attorney General a ballot title in the manner provided by Section 23-17-9.” Miss.Code Ann. § 23-17-33 (Rev.2007). In turn, Section 23-17-9 provides as follows:
Within seven (7) calendar days after the receipt of an initiative measure, the Attorney General shall formulate and transmit to the Secretary of State a concise statement posed as a question and not to exceed twenty (20) words, bearing the serial number of the measure and a summary of the measure, not to exceed seventy-five (75) words, to follow the statement. The statement shall give a true and impartial statement of the purpose of the measure. Neither the statement nor the summary may intentionally be an argument, nor likely to create prejudice, either for or against the measure. Such concise statement shall constitute the ballot title. The ballot title formulated by the Attorney General shall be the ballot title of the measure unless changed on appeal. When practicable, the question posed by the ballot title shall be written in such a way that an affirmative answer to such question and an affirmative vote on the measure would result in a change in then current law, and a negative answer to the question and a negative vote on the measure would result in no change to then current law.
Miss.Code Ann. § 23-17-9 (Rev.2007). At issue is the extent to which Section 23-17-33’s citation of Section 23-17-9 makes the latter section applicable to the titling of amendments to measures suggested by the Legislature. Shipman argues that the words “unless changed on appeal,” found at the end of the fourth sentence of Section 23-17-9, are included to show that the right to appeal the title given a legislative amendment to a measure is included in Section 23-17-13. The Legislature contests Shipman’s assertion that the words “unless changed on appeal” affect Section 23-17-33 or Section 23-17-13.
¶ 23. To decide the issue, we again call upon our principles of statutory construction, on the instant occasion for purposes of understanding the legislative intent coupled with Section 23-17-33 and its reference to Section 23-17-9. As the Court wrote in Palermo, 152 So.3d at 1105 (¶ 13):
This Court does not “decide what a statute should provide, but [ ] determined] what it does provide.” Lawson v. Honeywell Int’l., Inc., 75 So.3d 1024, 1027 (Miss.2011). “The Court’s goal is to give effect to the intent of the Legislature.” Id. To determine that intent, this Court looks first to the language of the statute. Id. “If the words of a statute are clear and unambiguous, the Court applies the plain meaning of the statute and refrains from using principles of statutory construction.” Id. Furthermore, words and phrases contained in a statute are to be given their common and ordinary meaning. Id. at 1028.
¶ 24. Section 23-17-33 references Section 23-17-9 for one reason and one reason only-to define “the manner” by which “the Secretary of State shall obtain from the Attorney General a ballot title.”' None of *1219 the words used is ambiguous or unclear. Ascribing to the words their common and ordinary meaning, we conclude Section 23-17-9 is referenced for the limited purpose of instructing the Secretary of State as to the manner for obtaining a ballot title for the amendment to the measure. Once the Secretary of State has done so, the role of Section 23-17-9 within Section 23-17-33 has ended. Nothing in the language of Section 23-17-33 suggests to the Court that the Legislature had any intent also to engraft the manner of appealing the ballot title, which, it is worth noting, is not contained in Section 23-17-9 at all.
Conclusion
¶ 25. Pursuant to the reasoning set forth above, the Court holds that Mississippi Code Section 23-17-13 does not authorize an appeal of the ballot title drafted by the Attorney General for an amendment to a measure adopted by the Legislature pursuant to Section 23-17-31. The statutory definition of “measure,” which limits the term to those proposed amendments to the Constitution that arise from a petition of the electorate, binds the Court, and Section 23-17-13 limits itself to the appeal of measures. Furthermore, parts of Section 23-17-13 would be rendered' without effect, ie., the five-day time limit and the notice provision, and our rules of statutory construction caution against so construing any statute. Finally, no right to appeal is created by Section 23-17-33’s citation to Section 23-17-9. Because the Circuit Court of Hinds County heard the appeal without any jurisdiction to do so, we reverse its judgment and render judgment here, finally dismissing Shipman’s petition and the case for lack of circuit court jurisdiction. Because of the imminent deadline for preparation and distribution of the November 3 ballot and as authorized by Mississippi Rule of Appellate Procedure 2(e), a motion for rehearing is not authorized. The instant decision is final, and the Clerk of the Court is directed to issue the mandate in the case immediately.
¶ 26. In light of the foregoing, the Motion to Dismiss filed by the Legislator Intervenors on April 24, 2015, previously passed for consideration with merits of the case by this Court, is denied.
¶ 27. REVERSED AND RENDERED.
WALLER, C.J., DICKINSON, P.J., AND LAMAR, J., CONCUR. CHANDLER, J., CONCURS IN RESULT ONLY WITH SEPARATE WRITTEN OPINION JOINED IN PART BY RANDOLPH, P.J. RANDOLPH, P.J., CONCURS IN PART AND IN RESULT WITH SEPARATE WRITTEN OPINION JOINED IN PART BY WALLER, C.J., AND DICKINSON, P.J.; CHANDLER, J., JOINS IN PART WITH SEPARATE WRITTEN OPINION. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, J. PIERCE, J.,' DISSENTS WITH SEPARATE WRITTEN OPINION.

. Article 8, Section 201 of the Mississippi Constitution presently provides, "[t]he Legislature shall, by general law, provide for the establishment, maintenance and support of free public schools upon such conditions and limitations as the Legislature may prescribe.” Miss. Const, art. 8, § 201.

. The language is so confusing that Justice Chandler, who agrees with us in result, would hold it to be ambiguous. Justice Chandler does an excellent job describing the language spread throughout the statutes that adds difficulty to our work in today’s case, but, with respect, we disagree that Section 23-17-13 is ambiguous. A statute may be considered ambiguous when susceptible to two or more reasonable interpretations. Tellus Operating *1215 Grp., LLC v. Maxwell Energy, Inc., 156 So.3d 255, 261 (¶ 16) (Miss.2015) (citing Miss. Methodist Hosp. & Rehab. Ctr., Inc. v. Miss. Div. of Medicaid, 21 So.3d 600, 607 (Miss.2009)). While Justice Chandler's alternative interpretation of Section 23-17-13, which would give the circuit court jurisdiction over a case challenging the Attorney General’s alternative measure ballot title, might be a possible one, for all of the reasons set forth herein; we cannot go so far as to consider it reasonable. Perhaps the Legislature could have been more selective with its language, but “the mere possibility of clearer phrasing cannot defeat the most natural reading of a statute[.]“ Caraco Pharm. Lab., Ltd. v. Novo Nordisk A/S, — U.S. —, 132 S.Ct. 1670, 1682, 182 L.Ed.2d 678 (2012).

. It also should be noted that both dissents from our colleagues Justice Kitchens and Justice Pierce hit downstream, as it were, of the point where we find the matter resolved. Because we hold that the circuit court never had jurisdiction over the appeal of the ballot title for the legislative alternative measure at all, the circuit court erred in entertaining the arguments of any parties or reaching any result. When the circuit court lacks jurisdiction to consider the merits of a matter, so does the Supreme Court. J.R. Watkins Co. v. Guess, 196 Miss. 438, 17 So.2d 795, 796 (1944), overruled on other grounds by Jefferson v. Miss. State Highway Comm'n, 254 So.2d 181, 182 (Miss.1971). Also, the Mississippi Rules of Appellate Procedure, upon which Justice Kitchens heavily relies, do not apply to appeals in circuit court. Miss. R.App. P. 1.